# MAY 20, 1936

### W. H. (BILL) ANDERSON V. THE STATE.
No. 18069. Delivered May 20, 1936.

The opinion states the case.

*Robert K. Crain,* of Longview, and *Cofer & Cofer,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is bribery; the punishment, confinement in the penitentiary for two years.

The charging part of the indictment reads as follows:

"W. H. (Bill) Anderson did then and there unlawfully, wilfully and corruptly bribe one R. J. (Whitey) Rutledge, who was then and there a witness for the State of Texas in a certain cause pending by indictment in the District Court of Gregg County, Texas, for the 124th District Court, styled the State of Texas v. W. H. (Bill) Anderson, No. 1386-B, on the docket of said court and said indictment in said cause charging the said W. H. (Bill) Anderson with the offense of a felony, to-wit, the theft of property over the value of Fifty (50) Dollars, and he, the said W. H. (Bill) Anderson, after the return of said indictment and after his arrest thereon, and before the issuance of a subpoena and process for witnesses in said cause and well knowing that the said R. J. (Whitey) Rutledge was a witness for the State in said cause, and well knowing that he had not been subpoenaed as such witness, and knowing that the said R. J. (Whitey) Rutledge would be summoned to appear and testify upon the trial hereof, unless he, the said R. J. (Whitey) Rutledge, avoided the service of subpoena, did then and there in the County and State aforesaid, and on or about the 12th day of September, A. D. 1934, bribe the said R. J. (Whitey) Rutledge to leave and absent himself from said Gregg County, Texas, by promising to pay to him, the said R. J. (Whitey) Rutledge, all expenses necessary and incident to leave said Gregg County, Texas, and which said bribe and promise was accepted by the said R. J. (Whitey) Rutledge, and as a result thereof he did leave and absent himself from

Gregg County, Texas, in order to avoid the service of subpoena and process in said criminal case when the same should be issued, which payment and offer and promise all occurred prior to the departure of said witness."

Appellant's motion to quash the indictment should have been sustained. There is no averment that appellant bribed the witness to avoid the service of a subpoena. The allegation that appellant knew Rutledge was a witness for the State and knew he would be summoned to appear and testify unless he avoided the service of a subpoena is merely an averment as to appellant's knowledge of the situation. Again, the allegation that "said bribe or promise was accepted by the said R. J. (Whitey) Rutledge, and, as a result thereof, he did leave and absent himself from Gregg County, Texas, in order to avoid the service of subpoena and process in said criminal case when the same should be issued" is no more than an averment as to the purpose of the witness in leaving the county. In short, when it is analyzed, the indictment charges that appellant, knowing Rutledge would be summoned as a witness against him unless Rutledge avoided a subpoena, promised to pay Rutledge his expenses to leave Gregg County, and that Rutledge, after the promise and payment, left the county to avoid the service of a subpoena. This is not sufficient. It is no offense, under the statute, to pay or promise to pay a witness to leave the county and not testify. The payment or promise, in order to constitute bribery, must be made to the witness to disobey or avoid the service of a subpoena or other legal process. State v. Hughes, 43 Texas, 518; Rogers v. State, 16 S. W. (2d) 1079. We quote Art. 175, P. C., as follows:

"Whoever shall bribe, or offer to bribe any witness in any case, civil or criminal, to disobey a subpoena or other legal process, or to avoid the service of the same by secreting himself, or by any other means, shall be confined in the penitentiary not less than two nor more than five years."

Under our decisions, all that is essential to constitute the offense must be explicitly charged and can not be aided by intendment. Middleton v. State, 25 S. W. (2d) 614.

The judgment is reversed and the prosecution ordered dismissed.

*Reverse and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.