JOSEPH REEVES V. THE STATE.

No. 22155. Delivered June 3, 1942.

The opinion states the case.

*Tom H. Kee,* of Waco, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of having contributed to the delinquency of a female under the age of seventeen years. His punishment was assessed at confinement in the county jail for a period of 45 days and a fine of $200.00.

From this judgment of conviction he has appealed to this court.

At the very threshold of this case, we are confronted with a complaint and information which, in our opinion, fail to charge an offense. The prosecution is based upon Art. 534, P. C., which specifies the various ways and means by which an offense may be committed; and unless the accused is charged by complaint with the commission of some of the acts denounced by said article, it fails to charge an offense. The complaint and information, omitting the formal parts, read as follows:

"That Joseph Reeves, in the County of McLennan, and State of Texas, heretofore on or about the 24th day of February, A. D., 1942, did then and there unlawfully contribute to the delinquency of Helen Hanna, a female then and there under the age of seventeen years, against the peace and dignity of the State."

It will be noted that the complaint and information fail to charge appellant with any act which would constitute an offense under the aforesaid article of the statute. It merely charges that Joseph Reeves contributed to the delinquency of a female under the age of seventeen years. It seems to be the well-established rule in this State that an indictment or information must set forth in plain and intelligible words all the essential elements of the offense sought to be charged; the charge must particularize the act complained of so that its identity cannot be mistaken. In support of what we have said, we refer to the following authorities: Moore v. State, 7 Tex. Cr. App. 42; Brown v. State, 26 Tex. Cr. App. 540; Jones v. State, 118 Tex. Cr. R. 106; Graham v. State, 139 S. W. (2d) 269.

Being of the opinion that the complaint and information are insufficient to charge an offense against the laws of the State, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.