JOE L. MINDIETA, ROBERT MARTINEZ AND RUDOLPH G. TREVINO V. STATE.

No. 30,896. October 7, 1959.

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

These three appellants were tried jointly for robbery, and their punishment was assessed at five years.

The injured party testified that he accompanied a number of his relatives to midnight Christmas mass but that his small son became restless and he went outside to wait for the others, that the three appellants approached the automobile in which he was seated, that one was armed with a broken beer bottle and the other two with knives. He stated that one of the appellants held a knife against his ribs while another held the broken beer bottle at the back of his neck and demanded his money, that he gave them the money from his wallet which he estimated to be approximately $40.00 and that they got in an automobile and drove away. He stated further that he reported the robbery to the police at approximately 1:30 A.M. and was asleep at his brother's home at 6:00 A.M. when two of the appellants came there with an intermediary and returned $29.00 to him, saying that they were sorry they had robbed him as they had not known he was Frank's brother and hoped that he would not report the matter to the police.

Frank, the injured party's brother, corroborated that portion of his brother's testimony concerning the return of the money.

Each of the appellants testified to substantially the same defense. They stated that they were drinking beer outside the church when one of them slammed closed the door of an automobile sitting near theirs and the injured party came out cursing, that during the argument which followed "somebody" asked the injured party if he had any money (each appellant denied that he had made the inquiry), and that the injured party pulled out his wallet and handed them a sum of money which they later

discovered was $23.00. They each denied that they had heard the police were looking for them when at 6:00 A.M. they returned the money to the injured party who they had learned was Frank's brother. They each denied that they were armed at the time of the argument at the church.

The jury resolved the conflict in the evidence against the appellant; we find the evidence sufficient to support its verdict and shall discuss the contentions advanced in the brief for the appellants.

It is first contended that there was a variance between the charge and the proof in that the indictment alleged that the appellants took $20.00 in money, whereas the injured party testified that he had been robbed of approximately $40.00.

This court held in Bracher v. State, 72 Texas Cr. Rep. 198, 161 S.W. 124, that there was no variance where the indictment charged that the injured party was robbed of $10.00 and the proof showed that $14.00 was taken, and there is no merit in this contention.

They next allege that the prosecutor committed error when, in cross-examining one of the appellants, he referred to a statement allegedly made by the accused, who was a soldier, to an Army warrant officer who came to the jail after his arrest. A question concerning the statement was propounded and answered without objection. The appellant then objected to the prosecutor reading the statement, and the objection was sustained. The court then instructed the jury not to consider any evidence concerning such statement, and the matter was not referred to again. The statement in question does not appear in the record before us, and we find no error from the above.

Finding no reversible error, the judgment is affirmed.