DONALD J. NORMAN V. STATE

No. 32,168. October 5, 1960

*John E. Heitler,* Tyler, and *W. V. Dunnam, Jr.,* Waco (on appeal only), for appellant.

*Weldon Holcomb,* Criminal District Attorney, *R. S. Burruss,* Assistant Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for giving a check without sufficient funds (Art. 567b V.A.P.C.); the punishment, 2 years in the penitentiary and a fine of $500.

The indictment alleged that appellant did unlawfully and knowingly and with intent to defraud Mrs. Glenn Williams, procure from her motel services, a thing of value, by *delivering* to her his check for the sum of $80.55 described in the indictment.

It was further alleged that appellant, at the time of *making* such check, knew that he did not have sufficient funds in the bank for its payment.

Art. 567b V.A.P.C. may be violated by the giving of a worthless check with intent to defraud (1) to procure any article or thing of value; (2) to secure possession of any personal property to which a lien has attached; (3) to make payment of any existing debt or other obligation of whatsoever form or nature; (4) for any other purpose.

The indictment was drawn under (1), "motel services" being the thing of value appellant was alleged to have procured by delivering the check for $80.55.

The evidence shows that appellant had been a guest at the motel operated by Mrs. Williams and her husband for several months. He had given some 60 checks to the motel during his stay, all of which had been paid, though many had been "presented twice".

The check described in the indictment was delivered to Mrs. Williams in payment of the hotel bills of appellant and his associates Jenson and Gilchrist when appellant checked out.

The motel services were not procured by the delivery of the check. These services had been previously rendered, and the check was delivered to Mrs. Williams in payment therefor.

The state agrees that the services had already been rendered, but argues that appellant acquired something of value at the time the check was delivered in that the motel had a lien and the right to retain possession of baggage and other property of the guest until the charges for its services were paid. (Art. 4594 V.C.S.)

The state's theory would be applicable had the indictment charged a violation of Art. 567b V.A.P.C. in the giving of a check in payment of a pre-existing debt or obligation in the form

of motel services, or perhaps in securing possession of personal property to which a lien had attached.

The undisputed evidence showing that the motel services were not procured by the delivery of the check as alleged in the indictment, the conviction cannot be sustained.

Appellant's attack upon the sufficiency of the indictment must also be sustained. The indictment alleged that appellant procured motel services by *delivering* the check.

There is no allegation in the indictment that appellant knew at the time the check was *delivered* to Mrs. Williams that he did not have sufficient funds in the bank for its payment.

There is such an allegation with reference to the time the check was *made,* but the indictment does not allege when it was made or that motel services were procured by such making.

The judgment is reversed and the prosecution under the present indictment is ordered dismissed.