**James Armo EILAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35394.**

Court of Criminal Appeals of Texas.

Feb. 20, 1963.

James Armo Eiland pro se.

James E. Barlow, Dist. Atty., San Antonio, James Ernest Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault; the punishment, 20 years.

Katie Wood and one of her customers identified appellant as the person who entered her bar wearing a hat and a striped shirt on the afternoon in question and who, after drinking a few beers, went to the rest room. Upon his return, he pushed some object into Katie's back and at the same time took the money from her cash register. He also took her purse, and when the customer, Wright, hesitated about moving toward the rest room as directed, appellant pointed a pistol at him. Appellant left the

bar with Katie and her customers corralled in the rest room. As soon as they effected their escape, the police were notified and appellant was apprehended within a matter of minutes ten or twelve blocks away; he was wearing no hat and an undershirt. A hat and striped shirt containing some money were found approximately 100 yards from the bar and in the direction appellant was apprehended.

Appellant was returned to the bar, identified by the witnesses, and a pocket knife and key ring belonging to Wright were taken from his person.

Appellant did not testify or offer any evidence in his own behalf.

■ We find the evidence sufficient to support the conviction and shall discuss appellant's bills of exception appearing in the record.

■ The indictment charged a prior conviction for burglary in the State of Washington alleged for enhancement. After proof had been made, upon motion of appellant's counsel, the court withdrew the prior conviction from the jury's consideration and submitted the case to the jury on the primary offense only. Appellant moved for a mistrial. We find no merit in the bill. In Spencer v. State, Tex.Cr.App., 237 S.W.2d 990, we said:

"Absent a showing of bad faith on the part of the State in offering evidence in support of such count relating to the prior conviction, this Court would not feel called upon to reverse a conviction merely because the State failed to make out its case as to said count."

■ In his motion for new trial, appellant alleged that the jury arrived at a quotient verdict. Said motion is not supported by the affidavit of a juror or one in a position to know the facts and therefore is insufficient as a pleading. Pierce v. State, 160 Tex.Cr.R. 646, 274 S.W.2d 408. No statement of facts of the hearing on the motion is before us, and no error is shown.

■ The indictment alleged that by placing in fear appellant took $10.00 from the injured party. No error is reflected by the fact that the proof showed he took a greater sum. Mindieta v. State, 168 Tex.Cr.R. 318, 330 S.W.2d 448, and Jones v. State, Tex.Cr.App., 352 S.W.2d 270.

Finding no reversible error, the judgment of the trial court is affirmed.