Shelton H. NESBIT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 36412.

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

James M. Gerdeman, Lubbock, for appellant.

Fred E. West, County Atty., Broadus A. Spivey and Wm. Quinn Brackett, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for giving a worthless check; the punishment, a fine of $100.

Trial was before the court without a jury. The prosecution, originating in the county court, and the conviction were under Art. 567b, Vernon's Ann.P.C., prior to the effective date of its amendment by the 58th Legislature, Acts 1963, ch. 268, page 729.

The complaint and information alleged that appellant did unlawfully, with intent to defraud, make and deliver to Kenneth Owens a check in the sum of $40.92, for which he received something of value.

It was further alleged that, at the time the check was delivered, appellant knew that he did not have sufficient funds in the bank to pay the same and that when it was presented to the bank, payment was by the bank refused.

■ A motion to quash the complaint and information was filed by appellant and overruled by the court. The complaint to the court's action is not properly before us for review, as no exception was reserved by appellant to the court's ruling. Mobley v. State, Tex.Cr.App., 365 S.W.2d 173.

At the trial, the prosecuting witness, Kenneth Owens, testified that he was a route salesman for the Borden Company and that his duties were to sell and deliver milk from house to house. The witness identified as state's exhibit #1, the check described in the complaint and information as one which appellant gave to him on January 10, 1963, for milk delivered. He stated that he later deposited the check and it was returned unpaid and that on January 17, 1963, he notified appellant that the check had been returned, but that the check had never been paid.

■ Appellant insists that his conviction can not be sustained because of a fatal variance between the state's pleading and the proof. It is contended that there is such variance because the complaint and information charged that he obtained something of value for the check and the state's evidence and theory were that the check was given for a pre-existing debt. Reliance is had upon Norman v. State, Tex. Cr.App., 338 S.W.2d 714, in which a conviction for giving a worthless check was reversed where the state's pleading charged that the accused did procure a thing of value by giving a check and the state's theory and proof were that the check was given for a pre-existing debt.

We find appellant's contention well taken.

The prosecuting witness, upon being examined concerning what appellant gave him the check for, testified:

["Q All right. Now, what was this check for?] A It was for milk.

["Q For milk. For milk that you delivered to his house?] A Yes.

\*　\*　\*　\*　\*　\*

["Q Now, it was to pay for milk that he received, is that correct?] A Yes, it was for milk delivered.

\*　\*　\*　\*　\*　\*

["Q Kenneth, what was that check given you for?] A For milk.

["Q Milk. Payment on a milk bill?] A That's what I was trying to get it for, that's what—for milk that he owed me."

The witness's testimony shows that the check was given by appellant in payment of a bill for milk which had been delievered.

The check was, therefore, given in payment of a pre-existing debt, which was not alleged in the complaint and information.

Under the authority of Norman v. State, supra, the conviction can not stand.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.