**R. C. JASPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39482.**

Court of Criminal Appeals of Texas.

May 4, 1966.

On Motion to Reinstate Appeal
June 15, 1966.

Doss Hardin, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is contributing to the delinquency of a minor; the punishment, a fine of $500.00 and three months in jail.

The record discloses neither a recognizance nor an appeal bond. The offense being a misdemeanor, this Court is without jurisdiction in the absence of a sufficient appeal bond or recognizance or a showing that appellant is in jail. Alexander v. State, Tex.Cr.App., 272 S.W.2d 100 and Griffin v. State, 160 Tex.Cr.R. 478, 272 S.W.2d 526.

The appeal is dismissed.

OPINION

ON APPELLANT'S MOTION
TO REINSTATE APPEAL

McDONALD, Presiding Judge.

By supplemental transcript, it is shown that appellant is presently released on appeal bond. The record having been perfected, the appeal is reinstated.

Appellant contends that the complaint and information are insufficient to charge

him with the commission of the offense of contributing to the delinquency of a minor.

The information charges that appellant "* * * on or about the 27th day of March A.D., 1965, and before the filing of this information, in the County of Brown and State of Texas, did then and there unlawfully contribute to the delinquency of Joe Dellis, a male, then and there under the age of 17 years, by allowing the said minor to remain in a place where intoxicating liquors were kept, drunk, used or sold, * * *."

 The charge must particularize the act which allegedly contributed to the minor's delinquency. Reeves v. State, 144 Tex.Cr.R. 270, 162 S.W.2d 705. The only act set forth in this complaint and information is the omissive act of "allowing the said minor to remain in a place where intoxicating liquors were kept, drunk, used or sold."

The sufficiency of this language to charge an offense has not heretofore been decided by this Court, although a similar contention was raised in Hartgraves v. State, 374 S.W.2d 888.

There are circumstances under which such a failure to eject the minor from such an establishment might be a criminal offense, as where the accused was the owner of the establishment or was in some other position by which he had a duty to prevent the minor from remaining there. Neither the complaint nor information alleges that any such relationship existed between appellant and the minor here involved.

If the act set out in the complaint and information was sufficient to constitute contribution to the delinquency of a minor, then, as appellant argues in his brief, the complaint could just as well have been filed against any adult in the place of business.

We conclude that the complaint and information are insufficient to charge appellant with contributing to the delinquency of a minor.

The complaint and information are fatally defective for the additional reason that the charges are made disjunctively, it being alleged that appellant allowed the minor to remain in a place where intoxicating liquors were kept, drunk, used *or* sold. Lenox v. State, 142 Tex.Cr.R. 194, 152 S.W.2d 342.

In holding that the complaint and information are insufficient to charge appellant with an offense in violation of Article 534, Vernon's Ann.P.C., we do not reach the issue as to whether or not that statute constitutes a reasonable exercise of the police power by the legislature, and this decision should not be interpreted as upholding the constitutional validity of Article 534.

The judgment is reversed and the cause dismissed.