Claude GIBSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40143.

Court of Criminal Appeals of Texas.

March 1, 1967.

Casbeer Snell, Jr., of Phelps, Kilgarlin & Snell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery by assault; the punishment, eight years.

The sufficiency of the evidence to support the conviction is challenged by appellant in his brief filed in the trial court. He insists that the evidence is insufficient to identify him as the person who committed the offense and therefore raises a reasonable doubt as to his guilt.

The injured party, L. J. Burns, testified in detail as to how he was robbed by a man, around midnight, while walking on McGowan Street in the city of Houston. He stated that it was "pretty light" in the area and that he got "a good look" at the man. On three occasions he observed the man's face. The man "was wearing long processed hair." At the trial the injured party positively identified appellant as the man who robbed him. He further testified that a week later, when he and his wife were in a lounge, he saw appellant and recognized him as the same man who had robbed him but did not call the police because he was afraid his wife would be hurt. Some three weeks later he again saw appellant, on Dowling Street, at which time he did call the police and appellant was there arrested. At such time, appellant had the same hair styling.

Testifying in his own behalf, appellant denied that he committed the robbery and swore that he was not present but was at another place at the time.

Witnesses whose testimony supported his defense of alibi were called by appellant.

Such defense was submitted to the jury in the court's charge and by the jury rejected.

We find the evidence sufficient to support the conviction.

The testimony of the injured party was sufficient to authorize the jury to conclude that appellant was the guilty party. Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228.

The judgment is affirmed.