Jack E. REEVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 41275.

Court of Criminal Appeals of Texas.

May 29, 1968.

Richard C. Keene, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is giving a check of the value of $50 or over without sufficient funds; the punishment, two (2) years confinement in the Texas Department of Corrections. The imposition of the sentence was suspended and appellant was granted probation.

Appellant raises six grounds of error all of which charge insufficiency of the evidence to prove the allegations in the indictment. They are as follows:

(1) The evidence fails to show that the check in question was exchanged for the automobile, as alleged, but that the evidence shows that the check was given for a pre-existing debt.

(2) The evidence fails to show that the automobile in question was the personal and movable property of South Park Motors, as alleged, but that the evidence shows that someone other than South Park Motors owned the automobile.

(3) The evidence shows that the check in question was refused by the bank due to their being "unable to locate account," and not "for want of sufficient funds," as alleged in the indictment.

(4) The evidence shows only that appellant gave his check, and not his "check, draft, and order" as alleged in the indictment.

(5) The evidence fails to show that appellant had no good reason to believe that the check would be paid upon presentation, as alleged.

(6) The indictment alleges the offense of swindling, and not a "hot check" violation, and as such the evidence fails to show that title to the automobile passed to appellant.

The material portion of the indictment reads as follows:

" * * * that on or about the 8th day of November, A.D. 1966, * * * Jack E. Reeves did then and there unlawfully and with intent to defraud South Park Motors, a partnership composed of K. E. Stich and G. Burges, give to K. E. Stich, one of the partners in the partnership known as South Park Motors, his check, draft and order for the sum of Four Hundred and Sixty and No/100 ($460.00) Dollars, drawn on the Union National Bank of Laredo, Texas, in exchange for merchandise consisting of one automobile of the total value of Four Hundred and Sixty and No/100 ($460.00) Dollars, the same being the personal and movable property of the said South Park Motors, which said check, draft and order was in the tenor following: [check set out in indictment] * * * that the said K. E. Stich accepted said check, draft and order in payment for and in exchange for said merchandise consisting of one automobile of the total value of Four Hundred and Sixty and No/100 ($460.00) Dollars, and believed it to be good, and its payment was relied upon by K. E. Stich, and the said Jack E. Reeves then and there did not have and knew he did not have sufficient funds with said bank to pay said check, draft and order and all other checks, drafts and orders outstanding upon which funds at the time said check, draft and order was given and drawn, and with no good reason to believe the check, draft and order would be paid upon presentation to the bank upon which said check, draft and order was drawn; said check, draft and order was presented to said bank for payment and payment was refused for want of sufficient funds of the said Jack E. Reeves; * * *."

The evidence presented in the light most favorable to the state showed the following:

Karel Stich and George Burges, who formerly operated Burges Motor Company, were partners in South Park Motors, a

used car business in San Antonio, Texas. On or near November 1, 1966, George Burges purchased on behalf of South Park Motors a 1960 Buick automobile from Jack Winkler Chevrolet in Hondo, Texas. Possession of the automobile was immediately taken by South Park Motors. Appellant was present and drove the Buick from Hondo to San Antonio for Burges.

Approximately 4 or 5 days later, appellant expressed a desire to purchase the 1960 Buick, and he was permitted to drive the automobile for a couple of days for inspection. After the car had been returned to the lot, appellant appeared on November 8, 1966, and paid the purchase price of $460 by a check drawn upon the Union National Bank of Laredo, Texas. At that time the title registration receipt was not transferred to appellant since it was still being processed by a financing company relative to the transaction between Jack Winkler Chevrolet and South Park Motors. The check was presented to the Union National Bank, and on or near November 13, 1966, the check was returned to South Park Motors. Burges testified that the check was returned marked "insufficient" and Stich related that the check bore the notation "Unable to locate account—account closed." Appellant was notified of the returned check by Stich, and he requested that the check be redeposited after a couple of days. After Stich called the bank in Laredo two days later, the check was delivered to the Bexar County District Attorney's Office for prosecution. No attempt at restitution was made, but the automobile was left unannounced on a lot adjoining South Park Motors approximately 30 days after the purchase with transmission and front end damage.[1]

Florencio Guiterrez, a vice-president of the Union National Bank, testified that at one time appellant had four different accounts with that bank, but that they had all been closed out as of March 29, 1965, and that no other deposits had been made, that no other accounts had been opened, and that appellant had a "zero-zero" balance in that bank.

Testifying in his own behalf, appellant admitted being present when Burges purchased the Buick in question. He admitted giving the check in question but claimed it was undated and that the name of the payee was not on the check when he signed it. He did testify that "it was up to him (Burges) to fill out the check to whoever he wanted." Appellant admitted he had no funds in the bank, but maintained his account was not closed. He related that he had an oral agreement with Burges to hold the check for 45 to 90 days while he negotiated an "advance" from Eastern produce buyers relative to honey-dew melons he was growing. Appellant offered evidence that he had transacted other business matters in a similar fashion with the approval of a Mr. Russell of the Union National Bank but he acknowledged that he had not talked to Russell about the check in question. Testimony was offered to show that when the Buick was sold several months after its return, that the certificate of title reflected that the previous owner was Burges Motor Company, even though a lien was retained in favor of South Park Motors.

Stich and Burges rebut appellant's testimony as to any "hold" agreement or that the check was undated when it was signed on November 8, 1966.

The court in his charge instructed the jury to acquit if they found from the evidence, or reasonable doubt thereof, that (1) the automobile was not the property of South Park Motors, or (2) that the check was to be held by South Park Motors until further orders of the appellant, or (3) that the check in question was

---

1. Appellant testified he had driven the Buick on a round trip to El Centro, California.

given by the appellant prior to November 8, 1966.

 The disputes, if any, as to whether the check was given in exchange for the automobile, and whether appellant had no good reason to believe the check would be paid upon presentation were resolved against appellant by the jury's verdict. The evidence supports that verdict. Further, we reject appellant's claim that a closed bank account is not sufficient to sustain an allegation of "for want of sufficient funds." Appellant's first, third and fifth grounds of error are overruled.

Ownership may be alleged in either the person who owns the property or another person who has possession of the same. Article 21.08, Vernon's Ann.C.C.P. We deem the evidence sufficient to sustain the allegation that the automobile was the movable and personal property of South Park Motors. Further, such matter was submitted as an affirmative defense by the court's charge. The second ground of error is overruled.

Appellant's fourth ground of error is also overruled. It is observed that the indictment properly alleged the worthless instrument in the conjunctive. See Jasper v. State, Tex.Cr.App., 403 S.W.2d 790. While three methods of committing the offense were alleged in the indictment, the state was only required to prove one to sustain a conviction.

Appellant's sixth ground of error is without merit and is overruled. While the indictment contains assertions unnecessary to alleging the offense of giving a worthless check, i. e., that the check was given in exchange for the automobile, it nevertheless quite properly charges that offense. Article 567b, V.A.P.C. (As amended Acts 1963, 58th Leg., p. 729, ch. 268).

The judgment is affirmed.