Jeremiah **SIGERS**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 44737.**

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 9, 1972.

Wade, Rasmus & Washington, by Craig A. Washington, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

On October 12, 1967, appellant pleaded guilty to the offense of felony theft, and punishment was assessed at five years. The imposition of the sentence was suspended and probation granted. One of the terms and conditions of probation was that he "commit no offense against the laws of this or any other state or the United States."

On July 6, 1970, the state filed a motion to revoke probation, alleging that appellant had committed the offense of "misdemeanor swindle by worthless check" on November 28, 1969, and that he committed "the offense of felony by worthless check" on February 28, 1970.

At the hearing on the motion to revoke, Patrick Wayne Ardoin testified that he and appellant entered into a transaction for the sale of a 1960 Chrysler automobile. Although Ardoin was not the owner of the automobile, he had permission from the owner, Mrs. Alice Shirley, to sell the car for her. At the time of the transaction, Ardoin had care, custody, control and management of the vehicle. Appellant gave Ardoin a check dated February 28, 1970, in the amount of $100.00, which was drawn on the Homestead Bank in Houston, in payment for the car. The check was returned to Ardoin because of insufficient funds in appellant's account. Upon the return of the check, Ardoin sent a registered letter to appellant, addressed to him at the address listed for him on the check. The registered letter was returned unopened and marked, "No Response". Other efforts made by Ardoin to contact appellant were unsuccessful. Ardoin testified that, at the time of the transaction, title was

being transferred to Mrs. Shirley and that he informed appellant of this fact. He stated that he made no agreement with appellant about holding the check.

Marian Nickel, assistant to the head bookkeeper at the Homestead Bank, testified that the check in question arrived at the bank on March 6, 1970, and was returned for want of sufficient funds on March 9, 1970. The bank records reflect that appellant was overdrawn in the amount of $64.90 as of January 23rd, 1970, and that from that date until March 23, 1970, approximately 67 of appellant's checks, totaling approximately $1,600.00, were not honored by the bank. These records show that deposits during the same period amounted to approximately $222.00.

Appellant testified that the transaction was consummated on February 27, 1970; that he gave Ardoin the check, and that the agreement between him and Ardoin was that he would cover the check or give Ardoin $100.00 when Ardoin obtained title to the car.

Appellant contends, on this appeal, that:

"A. The Trial Court abused its discretion in revoking appellant's probation where the evidence presented at the revocation hearing varied materially from the Motion to Revoke.

"B. It was an abuse of discretion to revoke appellant's probation where the essential element of the offense alleged as a violation was not supported by the evidence.

"C. It was an abuse of discretion to revoke appellant's probation where the evidence was insufficient to show a violation as alleged by the State."

The dispute in the testimony as to whether the agreement between the parties contemplated that the check was to constitute payment or whether payment was to be made upon tender of title to the automobile was resolved against the appellant by the trial court. See, Reeves v. State, Tex.Cr.App., 428 S.W.2d 320.

In *Reeves* this court held that, under Article 21.08, Vernon's Ann.C.C.P., ownership may be alleged in either the person who owns the property or another person who has possession of the same. In the instant case, Ardoin was shown to have possession of the automobile which was the subject of the transaction.

■ Since Ardoin gave up something of value, i. e., the automobile for which he had been made an agent to sell, in return for the check, the evidence is sufficient to show a violation of Article 567b, Vernon's Ann.P.C. The evidence being sufficient to show that appellant committed an offense against the laws of this state, the trial court did not abuse his discretion in revoking probation.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

In both his written motion for rehearing and his oral argument in support thereof, appellant vigorously re-urges the contention raised in his original brief, namely, that the evidence was insufficient to show a violation of Article 567b, Vernon's Ann. P.C. (Supp.1971). Appellant maintains that since there was no showing that Mrs. Shirley had title to the automobile, the evidence did not show that something of value was given in exchange for the worthless check.

■ In support of the proposition that in order to sustain a conviction for the violation of Art. 567b, V.A.P.C., the evidence must show that something of value was given in exchange for the check, appellant cites Nesbit v. State, 374 S.W.2d 666 (Tex.Cr.App.1964), and Norman v. State, 170 Tex.Cr.R. 25, 338 S.W.2d 714 (1960). Appellant's reliance upon these two cases is misplaced. Prior to its amendment in

1963, Art. 567b, Sec. 1, V.A.P.C., provided, in part:

"It shall be unlawful for any person to procure any article or thing of value, . . . to make or draw or utter or deliver, with intent to defraud, any check . . . knowing at the time of such making . . . that the maker . . . has not sufficient funds . . . for the payment of such check." Acts 1951, 52nd Leg., p. 496, ch. 305, § 1.

However, after the amendment, in 1963, of Art. 567b, Sec. 1, V.A.P.C., the principal element of the offense became the issuance of the check with intent to defraud. It is not necessary, in cases tried under the 1963 amendment, that the evidence show that the check was given in exchange for a thing of value.[1] Chapa v. State, 420 S. W.2d 943 (Tex.Cr.App.1967). Also see, Reeves v. State, 428 S.W.2d 320 (Tex.Cr. App.1968).

The case of Norman v. State, supra, was decided before the 1963 amendment, and was cited and distinguished by this Court in Chapa v. State, supra. In the case of Nesbit v. State, supra, although the appeal was decided after the 1963 amendment, the conviction was obtained prior to the enactment of the amendment.

The evidence, as discussed in the original opinion, was sufficient to show an intent to defraud and was therefore sufficient to indicate a violation of Art. 567b, V.A.P.C.

Appellant's motion for rehearing is overruled.

1. At the oral presentation of his motion for rehearing, appellant, in support of his contention that Mrs. Shirley did not have title to the automobile, refers the court to the following cases: Reece v. Motors Ins. Corp., 116 F.Supp. 394 (W.D.Okl.1953) (applying Texas law), Griffin v. Moon, 288 S.W.2d 543 (Tex.Civ.App.—Dallas, 1956, no writ); Bryant v. Hancock, 287 S.W.2d 525 (Tex.Civ.App.—Waco, 1956, no writ). These cases all hold that a transfer of an automobile is void unless accompanied by a properly executed endorsement of the certificate of title, as required by Art. 1436–1, Sec. 33, V.A. P.C. (Supp.1971). While appellant is correct in his statement of the law in regard to the transfer of motor vehicles, the validity of the seller's title is not relevant in a prosecution under the 1963 amendment to Art. 567b, Sec. 1, V.A.P.C.