**Jimmy Lee JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40224.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

Charles Warren VanCleve, Arlington, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an out of time appeal from a conviction of robbery by assault.[1] After the jury had returned a verdict of guilty, punishment was assessed by the court at sixty years.

Appellant contends that the evidence was insufficient to sustain the jury's verdict.

Ennis Smith, Jr., testified that about 11:00, on the night of February 11, 1966, he was walking toward his home in Dallas. In the light from two nearby stores and a street light, he observed two young men walking toward him on the same side of the street. Immediately after they had passed, one of the men, later identified as appellant, stabbed Smith in the lower back with a knife. The other man, armed with

1. The conviction from which this appeal is brought occurred in 1966. A direct appeal was brought without statement of facts, bills of exception, briefs, or any grounds of error. This court affirmed the conviction in an unreported per curiam opinion on March 15, 1967. Appellant, thereafter, filed his application for writ of habeas corpus which application was denied by this Court without written order and without prejudice on April 2, 1971. Then on a second application for habeas corpus, the trial court in a hearing determined that at the time of petitioner's original direct appeal, petitioner was indigent, that counsel was appointed by the court and that for unknown reasons appointed counsel did not proceed with the appeal. The trial court granted an out of time appeal and appointed new counsel. See Ex parte Young, Tex.Cr. App., 418 S.W.2d 824.

a pistol, fired two shots into the ground beside Smith's leg, then shoved the pistol into Smith's face and instructed him not to move. Smith testified that appellant, with knife in hand, searched him and removed from him three one dollar bills, one dollar and seventeen cents in change, his driver's license, three poll tax receipts and a hospitalization card.

Smith further testified that at no time did he become unconscious, and that in the light, which he testified was bright enough to play baseball, he clearly saw the men's faces.

After appellant and his companion left, Smith went to a nearby house and called the police, who arrived within ten minutes. He described his attackers to the two officers who departed in their patrol car and returned to the scene before Smith was taken to the hospital. They had with them appellant and another man who Smith identified as the two robbers. Smith made a positive in-court identification of appellant as the man who had stabbed and robbed him.

Officer Rice testified that after obtaining the robbers' description from Smith, the officers commenced to drive around the neighborhood, and within fifteen minutes, at a point about four and one-half blocks away from the scene of the robbery, they spotted two men who met the description given them by the victim. When appellant got in the patrol car, Rice observed him placing a pistol behind the seat. Appellant was removed from the car, whereupon a scuffle ensued. After appellant was subdued, the officers removed from his person the victim's driver's license, poll tax receipts, insurance card and a one dollar bill. A search of appellant's companion, later identified as Frank Riley Coit, revealed a knife and two one dollar bills. The State introduced into evidence the gun, knife, driver's license, poll tax receipts and hospitalization card, all of which had been removed from Coit and appellant by the officers.

Smith further testified that he was in fear for his life, that the money the appellant took from him was his property, and that it was taken without his consent.

We find the evidence sufficient to support the conviction. Austin v. State, Tex. Cr.App., 451 S.W.2d 491; Chew v. State, Tex.Cr.App., 413 S.W.2d 116; see Gibson v. State, Tex.Cr.App., 411 S.W.2d 735.

Appellant contends that the indictment was faulty because it contained a phrase, "Frank Riley Coit, and Jimmy Lee Jackson, acting together." Specifically, appellant argues that the language "acting together" makes the indictment so uncertain as to fall short of the requirements of Articles 21.04 and 21.11, Vernon's Ann.C.C.P.

We find appellant's reliance on Reeves v. State, 144 Tex.Cr.R. 270, 162 S.W.2d 705 and Anderson v. State, 130 Tex.Cr.R. 352, 94 S.W.2d 749 to be misplaced.[2]

This Court has frequently described the language "acting together" in an indictment as "surplusage" when two or more defendants are charged with the same offense. See 2 Branch's Ann.P.C., Sec. 704. Thus, the specific allegation that defendant "acted together" with another need not be proven at the trial if the evidence is sufficient to convict one defendant by himself. Craig v. State, Tex.Cr. App., 480 S.W.2d 680; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319. Since the language was "surplusage," no harm accrued to appellant.

2. In Reeves v. State, 144 Tex.Cr.R. 270, 162 S.W.2d 705, the indictment charged defendant with contributing to the delinquency of a female under the age of seventeen years, but it was fatally defective in that it failed to particularize what acts of the defendant constituted the offense. The defective indictment, in Anderson v. State, 130 Tex.Cr.R. 352, 94 S.W.2d 749, omitted the essential element in bribery of payment to a witness to disobey or avoid service of some legal process.

■ We reject appellant's complaint that Smith did not make a positive identification of the gun before it was admitted into evidence, Smith having testified, that the exhibit "looked like the gun." In Futch v. State, Tex.Cr.App., 376 S.W.2d 758, this Court held, "The lack of positive identification of the pistol by the injured party affected its weight rather than its admissibility." The complaining witness, in the Futch case, had testified that the pistol was similar to the one used by the robber. See Alexander v. State, Tex.Cr.App., 476 S.W.2d 10; Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523; Flores v. State, Tex.Cr.App., 372 S.W.2d 687.

■ Appellant contends that there was a fatal variance between the allegations and the proof in that the indictment alleged the taking of three dollars and twenty-five cents, money of the United States, and the State proved that a greater amount, four dollars and seventeen cents, was taken from the victim. There is no merit in this contention, for proof of a robbery of a greater amount than was alleged is not a variance and is not grounds for reversal. Eiland v. State, Tex.Cr.App., 365 S.W.2d 12; Mindieta v. State, 168 Tex.Cr.R. 318, 330 S.W.2d 448; see 5 Branch's Ann.P.C., Sec. 2594.

■ Appellant contends "The State utilized such inflamnatory (sic) procedures and statements that the rights of the accused were denied with substantial prejudice." Under this contention, appellant urges that the trial court committed numerous errors. Thus, appellant has failed to comply with Article 40.09, Sec. 9, V.A. C.C.P., which requires that the "brief shall set forth separately each ground of error of which defendant desires to complain on appeal." Ware v. State, Tex.Cr.App., 475 S.W.2d 282; Rose v. State, Tex.Cr.App., 470 S.W.2d 198; Hinkle v. State, Tex.Cr. App., 442 S.W.2d 728. In addition, this ground of error fails to comply with that portion of Article 40.09, Sec. 9, V.A.C.C.P., which requires the brief to identify with specificity the particular ruling, charges, evidence or other proceedings of which appellant complains. Carr v. State, Tex.Cr. App., 475 S.W.2d 755; Parks v. State, Tex.Cr.App., 473 S.W.2d 32; Carpenter v. State, Tex.Cr.App., 473 S.W.2d 210.

■ Even though nothing is presented for review under Article 40.09, Sec. 9, V. A.C.C.P., we will discuss the complaints urged by appellant. The State is permitted to show the extent of the injuries inflicted on the complaining witness and the introduction of evidence concerning passage of blood into the victim's urine is not error. Levell v. State, Tex.Cr.App., 453 S.W.2d 831; Jones v. State, Tex.Cr.App., 453 S. W.2d 507.

■ The arguments of the State referring to appellant as a "kidney puncturer" and a "knife wielder" were supported by the evidence. Archer v. State, Tex.Cr. App., 474 S.W.2d 484; Fausett v. State, Tex.Cr.App., 468 S.W.2d 92; Beshears v. State, Tex.Cr.App., 461 S.W.2d 122; Holbert v. State, Tex.Cr.App., 457 S.W.2d 286.

■ The punishment assessed was within the limits provided for in Art. 1408, Vernon's Ann.P.C.; Perez v. State, Tex. Cr.App., 479 S.W.2d 287; Qualls v. State, Tex.Cr.App., 474 S.W.2d 482.

No error is shown under the various contentions raised by appellant in his last ground of error.

The judgment is affirmed.

Opinion approved by the Court.