The STATE of Texas, State,

v.

**Jerry Dwayne LAIRD, Appellee.**

No. 2–05–312–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 12, 2006.

Rehearing En Banc Overruled
Nov. 2, 2006.

---

Bruce Issacks, Crim. Dist. Atty., Charles W. Orbinson, Gretchen Choe, Asst. Dist. Attys., Denton, for appellant.

Mick Meyer, Denton, for appellee.

Panel B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

The State appeals the trial court's order quashing the information in which appellee, Jerry Dwayne Laird, was charged with violating the Texas Clean Air Act.[1] In its sole point, the State argues that the trial court abused its discretion by granting the motion to quash because the information set forth all of the elements of the offense, sufficiently negated the exceptions to the offense, and provided sufficient notice to Laird of the charges being brought against him. We reverse and remand.

### II. BACKGROUND FACTS

On February 7, 2005, the State filed an information alleging that on October 24, 2004, Laird "did then and there unlawfully, intentionally or knowingly cause, allow, or permit outdoor burning." On June 3, 2005, Laird filed a motion to quash the information, stating that the information failed to give him adequate notice of the charges brought against him because of the vagueness and lack of specificity in the information. On June 29, 2005, the State filed a motion to amend the information, and on August 2, 2005, after hearing arguments on Laird's motion to quash and the State's motion to amend the information, the trial court granted both the State's motion to amend and Laird's motion to quash. The State's amended information alleged that Laird "did then and there unlawfully, intentionally or knowingly cause, allow, or permit outdoor burning, to wit: Jerry Wayne [sic] Laird burned do-

mestic and non-domestic waste including an appliance and electrical wire."

### III. MOTION TO QUASH THE INFORMATION

In its sole point, the State contends that the trial court erred by granting Laird's motion to quash the amended information.

#### A. Standard of Review

■ The rules with respect to the certainty required in an indictment also apply to an information. *See Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App.1990). The sufficiency of an indictment is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). Therefore, we review a trial court's ruling on a motion to quash an information *de novo. Id.*

#### B. Sufficiency of a Charging Instrument

■ As a general rule, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense. *State v. Edmond,* 933 S.W.2d 120, 128 (Tex.Crim.App.1996). The State need not allege facts that are merely evidentiary in nature. *Bynum v. State,* 767 S.W.2d 769, 778 (Tex.Crim.App. 1989). Moreover, when a term is defined in a statute, it need not be further alleged in the indictment. *Daniels v. State,* 754 S.W.2d 214, 218 (Tex.Crim.App.1988). A motion to quash should be granted only when the language regarding the accused's conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed. *De-Vaughn v. State,* 749 S.W.2d 62, 67 (Tex. Crim.App.1988).

#### C. Disposition

■ During the pretrial hearing on his motion to quash, Laird made several

---

1. *See* TEX. WATER CODE ANN. § 7.177 (Vernon 2000).

arguments contending that the information was insufficient. In his first argument, Laird asserted that the information spoke only in general terms of the Texas Administrative Code, and that as a result, the information would be insufficient to clearly inform a jury what statute Laird had allegedly violated. He also contended that it would have been difficult for a jury to look up the portion of the law that relates to the offense because the relevant law was available only via the internet and not in book format. However, the purpose of an information is to notify the *accused* of the charged offense and its elements so that he may properly prepare his defense. *Sattiewhite v. State*, 600 S.W.2d 277, 282 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g). On the other hand, the purpose of the jury charge is to set forth the law applicable to the case for the jury's use during its deliberation.[2] *See* TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp. 2006); *Wilson v. State*, 825 S.W.2d 155, 158 (Tex.App.-Dallas 1992, pet. ref'd). The matter of charging a jury is unrelated to the issue of whether an information provides adequate notice to a criminal defendant.

In his second argument, Laird contended that his motion to quash the information should have been granted due to the vagueness of the phrase "appliance."[3] We disagree. The information in this case states that Laird "burned domestic and non-domestic waste including an appliance and electrical wire." The Texas Administrative Code defines the term "domestic waste," and it further specifies that "electrical wire" and "appliances" are non-domestic wastes that cannot be burned.[4] *See* 30 TEX. ADMIN. CODE §§ 101.1(26), 111.209(1). As such, these terms did not require further pleading in the information. *See Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (holding that when a term is defined in the statute it need not be further alleged in the indictment). Therefore, because the terms "appliance" and "electrical wire" merely describe the type of non-domestic waste that Laird was alleged to have burned outdoors, they are descriptive evidentiary matters that the State need not have pleaded in order to provide sufficient notice to Laird. *See Curry v. State*, 30 S.W.3d 394, 399 (Tex.Crim.App.2000).

Finally, Laird complained that the information did not allege all elements of the offense because it failed to sufficiently negate the exceptions to the offense. An indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all

2. The judge delivers to the jury a written charge distinctly setting forth the law applicable to the case. *Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Crim.App.1980).

3. Without reference to authority, Laird also argued that the information was deficient because it failed to state who the "local government entity having jurisdiction" was as well as who held the position of "Executive Director of the Texas Commission of Environmental Quality." However, not knowing what government entity has jurisdiction over collection of Laird's domestic waste, or who holds the position of Executive Director of the Texas Commission of Environmental Quality, does not bear on whether the information

failed to give Laird adequate notice of the acts *he allegedly committed. See DeVaughn*, 749 S.W.2d at 67. Thus, we are unpersuaded by this argument.

4. Domestic waste is defined in the Texas Administrative Code as "garbage and rubbish normally resulting from the functions of life within a residence." 30 TEX. ADMIN. CODE § 101.1(26) (2006). Examples of wastes not considered to be domestic waste that cannot be burned are provided by section 111.209 of the Texas Administrative Code. *Id.* § 111.209(1). This includes such things as tires, non-wood construction debris, furniture, carpet, *electrical wire*, and *appliances*. *Id.*

the material elements of the offense charged. *Garcia v. State,* 981 S.W.2d 683, 685 (Tex.Crim.App.1998). Under the penal code, the State must negate the existence of any exception to an offense in the charging instrument, *see* TEX. PENAL CODE ANN. § 2.02(b) (Vernon 2003),[5] and the negation of an exception to the offense is an element of the offense, *see id.* § 1.07(a)(22)(D) (Vernon Supp.2006). However, the State need not expressly negate an exception in the charging instrument; it may do so implicitly. *See Tarlton v. State,* 93 S.W.3d 168, 173 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd).

The exceptions to the rule prohibiting outdoor burning are recorded in the Texas Administrative Code. *See* 30 TEX. ADMIN. CODE §§ 111.201, 111.205, 111.207, 111.209, 111.211, 111.213. In this case, the information negated the exceptions to the offense by reference to the specific sections where the exceptions are found. *See id.* The information states,

> [T]he outdoor burning was not authorized by the Executive Director of the Texas Commission of Environmental Quality, nor was the outdoor burning authorized by an exception contained in Title 30, Texas Administrative Code Rule Sections 11.205, 11.207, 111.209, 111.211, 111.213.[6]

We hold that this language provided sufficient notice to Laird that the outdoor burning of which he was accused was not permitted by any exception to the law's prohibition of outdoor burning. Therefore, because the information negated the exceptions to the offense, the information sufficiently alleged all elements of the

crime that the State charged Laird had committed.

Contrary to the dissent's assertion, our conclusion does not directly conflict with this court's earlier holding in *State v. Goodman,* No. 2–05–374–CR, —— S.W.3d ——, 2006 WL 1843485 (Tex.App.-Fort Worth July 6, 2006, no pet.). This court held that the indictment in *Goodman* failed to give adequate notice because it stated merely that Goodman was charged with burning "illegal burning materials," but this term did not tell Goodman *"what* item the State allege[d] he illegally burned." *Id.* at ——, 2006 WL 1843485 at *4. Here, in contrast, the indictment does tell Laird what items that the State alleges he illegally burned: domestic and non-domestic waste, including an appliance and electrical wire. Unlike the indictment in *Goodman,* this description does give Laird sufficient notice of the acts that the State has charged him with committing. None of Laird's contentions constitutes a basis for quashing the State's information. Accordingly, we sustain the State's sole point.

### IV. CONCLUSION

Having sustained the State's point, we reverse the trial court's order quashing the information and remand the case to the trial court for further proceedings. *See* TEX.R.APP. P. 43.2(d).

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

The trial court granted Appellant's motion to quash the information, and the majority reverses that decision. Because

---

5. Even though the offense of outdoor burning is found in the water code, not the penal code, the penal code's negation-of-exceptions requirement applies to offenses defined by other laws as well. *See id.* § 1.03(b).

6. It appears that the State mistakenly omitted the number "1" in the first two exceptions' section numbers.

the majority confuses the standard for a fundamentally deficient charging instrument with the standard for a legally sufficient charging instrument that is nevertheless subject to a motion to quash, I must respectfully dissent.

It is well established in Texas law that the two functions of the State's accusatory pleading are to give adequate notice to the defendant of the charges against which he must defend and to invoke the jurisdiction of the trial court.[7]

> These two functions of the [S]tate's accusatory pleading are distinct, and complaints regarding the sufficiency of that pleading to fulfill one or the other of those functions are subject to different rules for presentation, and different measures for validity.
>
> . . . .
>
> ... [T]he sufficiency of the State's pleading to allege an offense against the law is not the test for the adequacy of notice in the face of the presumption of innocence and a motion to quash for insufficient notice.[8]

As the *Drumm* court reminds us, sufficiency of notice to the defendant is an issue of constitutional magnitude:

> Because of the fundamental notions of fairness that require adequate notice of the nature of the charges against the accused in our system of justice, a timely claim of inadequate notice requires careful ... examination of the criminal accusation from the perspective of the accused, as contrasted to the measurement of its allegations against the stat-

ute that is the test for a claim that no offense is alleged.[9]

In *State v. Moff,* the Texas Court of Criminal Appeals summarized the rules regarding the notice that indictments must provide:

> The right to notice is set forth in both the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Thus, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. In addition, the Texas Code of Criminal Procedure provides guidelines relating to the sufficiency of an indictment. *See, e.g.,* Article 21.03 ("Everything should be stated in an indictment which is necessary to be proved."); Article 21.04 ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."); Article 21.11 ("An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment. ... ").[10]

*Moff* specifically addressed whether a trial court errs in granting a motion to quash an indictment that tracks the language of the statute, correctly delineating the penal statute in question, that is, an indictment

---

**7.** *Drumm v. State,* 560 S.W.2d 944, 946 (Tex. Crim.App.1977).

**8.** *Id.* at 946–47 (citations omitted).

**9.** *Id.*

**10.** 154 S.W.3d 599, 601 (Tex.Crim.App.2004) (case citations omitted); *see also Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App. 1990) (providing that rules regarding specificity of notice in indictments also apply to informations).

that is legally sufficient.[11] The *Moff* court held that a legally sufficient indictment may nonetheless be subject to a motion to quash when additional notice is necessary to allow the defendant adequately to prepare a defense or to prevent subsequent prosecution for the same act.[12] Examples of such indictments include (1) an indictment alleging government record tampering that failed to identify the specific monthly staffing report on which the State would rely,[13] (2) an indictment alleging welfare fraud that failed to allege which of the defendant's statements was false,[14] and (3) in *Moff*, an indictment alleging misapplication of fiduciary duty that failed to inform the defendant of the specific transactions that allegedly violated the statute.[15]

The *Moff* court summarized, "[T]he State may not conduct 'trial by ambush,' in which the information necessary to provide notice is buried somewhere in a mass of documents turned over to the defendant."[16]

In the case now before this court, the information provides,

> [Appellant], on or about the 24th day of October, A.D., 2004, and before the making and filing of this information, in the County of Denton of the State of Texas, did then and there unlawfully, intentionally or knowingly cause, allow or permit outdoor burning, to wit: [Appellant] burned domestic and non-domestic waste including an appliance and electrical wire when collection of domestic waste is provided or authorized by the local governmental entity having jurisdiction, within the State of Texas in violation of an order, permit, or exemp-

tion issued or a rule adopted under Chapter 382, Health and Safety Code, to wit: Title 30, Texas Administrative Code Rule Section 111.201, and the outdoor burning was not authorized by the Executive Director of the Texas Commission of Environmental Quality, nor was the outdoor burning authorized by an exception contained in Title 30, Texas Administrative Code Rule Sections 11.205, 11.207, 111.209, 111.211, 111.213.

The majority notes that the information contains typographical errors in listing code sections 11.205 and 11.207. The information also fails to specify whether Appellant acted in violation of an order, of a permit, or of an exemption issued, or instead acted in violation of "a rule adopted under Chapter 382, Health and Safety Code, to wit: Title 30, Texas Administrative Code Rule Section 111.201." The information does not set out the provisions of "Title 30, Texas Administrative Code Rule Section 111.201." The information also fails to specify whether Appellant caused, allowed, or permitted outdoor burning. It fails to specify whether "collection of domestic waste is provided or [merely] authorized by the local government entity having jurisdiction," and it fails to name this government entity or describe what it had jurisdiction over. How does a defendant defend against an allegation that he committed an act that was illegal only within a certain political or geographical entity when the information does not state what that entity is? The information also does not state whether the alleged burning occurred on a property used as a private residence, at a garbage

---

11. *Moff*, 154 S.W.3d at 601–02.

12. *Id.*

13. *Swabado v. State*, 597 S.W.2d 361, 364 (Tex.Crim.App.1980).

14. *Amaya v. State*, 551 S.W.2d 385, 387 (Tex. Crim.App.1977).

15. *Moff*, 154 S.W.3d at 603.

16. *Id.*

dump, at an Aggie bonfire, or for warmth on an overnight camp out on a hunting trip.

From reading the information, it is impossible to tell whether Appellant was accused of burning an electrical appliance, a gas appliance, a medical appliance, or another kind of appliance. The State argues that if it had alleged an automobile, it would not have been required to name the make and color. I agree. However, Appellant does not argue that the State should have been required to plead the make of appliance or color of appliance, merely the nature of the appliance.

Appellant argues that the specific appliance should be named and that the phrase "in violation of an order, permit, or exemption" is too vague to provide notice. He additionally argues that the references to the Texas Administrative Code Rule provisions merely compound the difficulty in understanding what he is accused of. The trial court agreed with Appellant, and so should we.

The majority opinion directly conflicts with this court's holding in *State v. Goodman*,[17] dealing with the same issue out of the same trial court. In *Goodman*, we sustained the trial court's granting Goodman's motion to quash based on defective notice because the "information merely states that the illegal burning materials [that Goodman was accused of burning did] not fall within an exception provided in the administrative code and lists several statutory provisions of the code. The amended information d[id] not tell Goodman *what* item the State allege[d] he illegally burned."[18]

In *Drumm*, the defendant was charged with driving while his license was suspended. The *Drumm* court stated,

> In the face of the constitutional presumption of innocence to which every accused is entitled, it cannot be claimed by the [S]tate, when there is a motion to quash on these grounds, that appellant knew the grounds for the suspension of his license. There may exist several such grounds for suspension, and there may exist various defenses to some or all of those grounds. It is not for us to speculate on possible defenses; those are for the accused and counsel to investigate, prepare, and establish if they can. In order to perform that duty, however, the accused is entitled to notice of the particular cause for suspension upon which the [S]tate will rely. The accused is not required to anticipate any and all variant facts the [S]tate might hypothetically seek to establish. When the defendant petitions for sufficient notice of the [S]tate's charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice.[19]

Similarly, in the case now pending before this court, the information does not tell Appellant how he offended the law with sufficient specificity to allow him to prepare a defense or to prevent being again placed in jeopardy for the same act. Merely referring to a list of Administrative Code provisions does not satisfy the need for specificity of notice.

The Court of Criminal Appeals has repeatedly stated,

---

**17.** No. 02–05–00374–CR, —— S.W.3d ——, 2006 WL 1843485 (Tex.App.-Fort Worth July 6, 2006, no pet.).

**18.** *Id.* at ——, 2006 WL 1843485 at *4.

**19.** *Drumm,* 560 S.W.2d at 947.

As a general rule, any element that must be proved should be stated in an indictment [or information].... Whether an element of an offense may be inferred from the language employed is not the question. In the face of a proper motion to quash, the information must state the elements of the offense, leaving nothing to inference or intendment.[20]

Although the Texas Court of Criminal Appeals has modified the rule somewhat, now permitting essentially a bill of particulars,[21] it is still true that

Article I, Section 10 of the Texas Constitution mandates that the notice petitioned for—information on which to prepare a defense—must come from the face of the charging instrument. It is improper to look to the record of the case in order to determine whether the allegation in the charging instrument constitutes adequate notice; the adequacy of the allegation must be tested by its own terms, "in a vacuum, so to speak." [22]

Sufficiency of the evidence is measured by the hypothetically correct jury charge as measured against the hypothetically correct charging instrument.[23] When the information charges globally every alternative method of committing the offense, and simply lists code provisions, we cannot say the trial court erred in requiring the State to plead with more specificity. As a defendant in a civil case would be entitled to have the trial court grant his special exceptions to the plaintiff's petition, so the trial court found and held that the defendant in this criminal case was entitled to have his special exceptions or motion to quash granted. The trial court merely held that Appellant was entitled to more specific notice of what the State intended to prove Appellant did in violation of the law.

Our sister court in San Antonio remind us,

The Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions the accused shall enjoy the right ... to be informed of the nature and course of the accusation...." This Sixth Amendment right is applicable to state prosecutions. Article I, Section 10 of the Texas Constitution provides in part: "[in] all criminal prosecutions the accused ... shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof." These constitutional guarantees require that notice [of the nature and cause of the accusation] be given with sufficient clarity and detail to enable the defendant to anticipate the [S]tate's evidence and prepare a proper defense to it. This was recently explained in State v. Moff. Under Article I, Section 10 of the Texas Constitution, the requisite notice must come from the face of the indictment.[24]

An information must allege in plain and intelligible language all the facts and circumstances necessary to establish all the

**20.** *Green v. State*, 951 S.W.2d 3, 4 (Tex.Crim. App.1997).

**21.** *Kellar v. State*, 108 S.W.3d 311, 313–14 (Tex.Crim.App.2003).

**22.** *Adams v. State*, 707 S.W.2d 900, 901 (Tex. Crim.App.1986) (citations omitted).

**23.** *See Gollihar v. State*, 46 S.W.3d 243, 253 (Tex.Crim.App.2001); *see also Bledsue v.*

*Johnson*, 188 F.3d 250, 260 (5th Cir.1999); *Rosales v. State*, 4 S.W.3d 228, 240 n. 3 (Tex. Crim.App.1999) (Meyers, J., concurring), *cert. denied*, 531 U.S. 1016, 121 S.Ct. 576, 148 L.Ed.2d 493 (2000).

**24.** *Sanchez v. State*, 182 S.W.3d 34, 44–45 (Tex.App.-San Antonio 2005, pet. granted) (citations omitted).

material elements of the offense charged.[25] Merely listing every possible alternative pleading permitted by the code provision and referring generally to other code provisions by number does not satisfy this requirement. Because the majority opinion conflicts with this court's decision in *Goodman*, with decisions of the Texas Court of Criminal Appeals, and with constitutional and statutory mandates, I must respectfully dissent from the majority's decision to reverse the conscientious and well-reasoned decision of the trial court.

**25.** *Reeves v. State*, 144 Tex.Crim. 270, 162 S.W.2d 705, 705 (Tex.Crim.App.1942); *see* *also* Tex.Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989).