EX PARTE LAWRENCE BOGGS.

No. 22564. Delivered June 2, 1943.

 

The opinion states the case.

*Lloyd A. Wicks,* of Ralls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an original application for a writ of habeas corpus by which relator seeks to be discharged from the Gatesville State School for Boys, where he is confined by virtue of a judgment rendered by the County Court of Crosby County in a certain cause styled and numbered as follows: "The State of Texas v. Lawrence Boggs, No. 119," adjudging him to be a delinquent child and that he be confined in said institution for an indeterminate period of five years until after his twenty-first birthday, but sentence was suspended during good behavior and he was paroled to his father during such time. Thereafter, on the 31st day of March, 1943, a complaint and information were filed in the County Court of said county charging relator with unlawfully and wilfully wandering about the streets of the town of Crosbytown at night without having any business; that on the 31st day of March, or April 1, 1943, he, the said Lawrence Boggs, was found in bed with a female under the age of consent. Upon this complaint and information a hearing was had and the court revoked the suspension of sentence of the first judgment by reason of his having been guilty of other offenses and irregularities, as charged in the complaint and information.

The basis for the writ, as we understand it, is (a) that the judgment rendered in the first trial is void because it proceeded upon a complaint without any information having been filed

with the Clerk of the County Court; and (b) because the second complaint and information filed against him are insufficient to charge him as a delinquent child and fail to show that he committed any offense against the laws of this state and therefore could not be the basis of a judgment revoking the suspension of his sentence.

In discussing the first point raised, we deem it proper to quote Article 1085, C. C. P., which provides that "a proceeding against a delinquent child may be begun by an information based upon a sworn complaint" etc. It will be noted from said article of the statute that an information based upon a sworn complaint is a prerequisite to a prosecution of cases of this nature. In the absence of an information being filed, the judgment of conviction is void.

In the instant case, it is made to affirmatively appear from the record that no information was filed with the Clerk of the County Court. Consequently, the judgment rendered herein is void; and being void, the relator cannot legally be restrained of his liberty by virtue of said judgment.

In the case of Ethridge v. State, 76 Tex. Cr. R. 41, this court, speaking through Judge Davidson, said:

"It (the filing of an information) is a jurisdictional question. An information is as prerequisite under such circumstances in the County Court as is the indictment in a felony prosecution in the District Court. To hold that a party could waive an information in the County Court would be equivalent to hold substantially that the party could waive an indictment in a felony prosecution."

In connection with what we have said, we also refer to the following cases: Ex parte Cain, 86 Tex. Cr. R. 509; Leal et al v. State, 51 Tex. Cr. R. 425; Nunn v. State, 106 S. W. (2d) 702.

Having reached the conclusion that the appellant is being illegally restrained under and by virtue of a judgment which is void, we see no necessity to discuss the second question raised.

It is therefore ordered that the writ of habeas corpus as prayed for be, and the same is, granted and the relator ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.