**Milford HAWKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14761.**

Court of Civil Appeals of Texas.

Houston.

March 31, 1966.

Weldon H. Berry, Dixie & Schulman, Chris Dixie, Robert E. Hall, George C. Dixie, Houston, Jack Greenberg, James Nabrit, III, Charles H. Jones, Jr., New York City, for appellant.

No brief filed for appellee.

COLEMAN, Justice.

This is a companion case to the case of Johnson v. State of Texas, 401 S.W.2d 298, decided this day. The judgment in this case must be reversed because of the insufficient petition on which it was based for the reasons set out in that opinion.

The petition filed in this cause fails to allege the names and residences of the parents of Milford Hawkins or to state that these facts are unknown. Cecil Hawkins was named as the person having his custody and control. No summons was issued to him. Notice of the hearing was issued to Roberta and Cecil Hawkins in which they are named as the parents of the minor. The officer's return reflects that the notice was delivered to Cecil Hawkins. The notice stated that the hearing on the petition was set for October 28, 1965. The judgment reflects that the case was heard on October 27, 1965, and was signed on that date.

Section 8, Article 2338–1, Vernon's Ann. Tex.St., provides:

"After a petition shall have been filed, and after such further investigation as the Judge may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requir-

ing the person or persons who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian, or both, shall be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing, if they reside within the jurisdiction of the court, except as hereinafter provided. Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the Judge, is necessary.

"If it appears that the child is in such condition or surroundings that his welfare requires that his custody be immediately assumed by the court, the Judge may cause to be endorsed upon the summons an order that the officer serving the same shall at once take the child into custody."

Section 9, Article 2338-1, V.A.T.S., provides:

"Service of summons shall be made personally by a probation officer or peace officer by the delivery of attested copies thereof to the parent, guardian, or person having custody of the child who is summoned; provided, that jurisdiction may be obtained by the court if the court is satisfied that said officer has made diligent effort to locate such person or persons and has been unsuccessful in locating said persons. It shall be sufficient to confer jurisdiction if service is effected at least two (2) days before the time fixed in the summons for the return thereof."

We call attention to the fact that the term "parties hereinafter named", considered in context with the further provisions of Sec. 8, is quite indefinite. If it were necessary to a decision of this case, it would be difficult to determine whether the voluntary appearance of the "person or persons who have the custody or control of the child" alone would dispense with the necessity of a summons; or whether, in ad-

dition, the child or the parent or guardian, must voluntarily appear.

In the absence of the voluntary appearance of the required parties, the section requires the service of a summons on the person or persons having the "custody or control" of the child. In addition, where such person is not the parent or guardian of the child, "then the parent or guardian, or both, shall be notified of the pendency of the case * * * by personal service *before the hearing* * * *." This provision for notice is vague and indefinite. Where there is a guardian, is it necessary to give notice to both parents and the guardian, or to one parent and the guardian, or will notice to the guardian alone, or the parents alone, be sufficient? How long before the hearing must notice be given?

Apparently service of the summons at least two days before the time fixed in the summons "for the return thereof" is jurisdictional. Sec. 9, however, provides that "jurisdiction may be obtained by the court" if the court is satisfied that the parent, guardian, or person having custody of the child cannot be located, but there is no procedure provided for obtaining such jurisdiction. The necessity for *securing* jurisdiction over the child is pointed up by the provisions relating thereto in Sections 5 and 7, Art. 2338-1, V.A.T.S.

In this case no summons was issued. Notice is not specifically required unless a summons to produce the child is served on one other than the parent or guardian. Notice was delivered to the father, but not to the mother. The hearing was held prior to the date set in the notice. The judgment does not recite jurisdictional facts, i. e., voluntary appearance or service of a summons. The hearing was had the day following the date of the filing of the petition.

In the absence of a summons served on the father, named in the petition as having the custody and control of the child, or on any other person, and in the absence of a recitation of jurisdictional facts in the

judgment, particularly in view of the fact that the notice of the hearing delivered to the father recited that the case was to be heard on the day after the day it was heard and judgment was entered, despite the fact that no statement of facts is in this record, we hesitate to presume that the trial court had jurisdiction by reason of the voluntary appearance of the parties.

These matters are noted, although not necessary to a decision in this case, for the reason that remedial legislation appears to be necessary. It is most unfortunate that doubt and uncertainty as to the procedure to be followed in the initiation and processing of juvenile delinquency petitions necessarily remains.

The judgment of the trial court is reversed. Milford Hawkins and the sureties on his recognizance bond are discharged and the proceedings ordered dismissed.