**Ora Lee JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14759.**

Court of Civil Appeals of Texas.

Houston.

March 31, 1966.

Weldon H. Berry, Dixie & Schulman, Chris Dixie, Robert E. Hall, George C. Dixie, Houston, Jack Greenberg, James Nabrit, III, Charles H. Jones, Jr., New York City, for appellant.

No attorney for appellee.

WERLEIN, Justice.

This is an appeal from an order entered October 27, 1965 by the County Court of Walker County sitting as a Juvenile Court, pursuant to Article 2338–1, Vernon's Annotated Texas Statutes, adjudging appellant, a female 16 years of age, a juvenile delinquent, and committing her to the care, custody and control of the Texas Youth Council. The court apparently made no order that said minor be conveyed forthwith to some place of detention, as provided in Section 13, Article 5143d, V.A.T.S., but it is indicated in appellant's brief, and not denied by the State, that such minor was committed to a State correctional institution at Crockett, Texas. After this appeal was perfected, this Court ordered appellant and eight other minors who were similarly committed to the Texas Youth Council and conveyed to State correctional institutions, and who have appealed to this Court, released upon recognizance bonds of $100.00 each, and also granted the motion of the attorneys representing all such minors to file a brief common to this appeal and the appeals of the other minors in companion cases.

The convictions of appellant and the other eight minors must be set aside because of reversible error common to all of the appeals. The charges in the petition in the instant case and in the petitions in the companion cases are as follows:

"This child has repeatedly created a disturbance at the Huntsville Public Schools,

has been brought into court a number of times, has been found guilty of contempt of court, served three days in jail and paid $100.00 fine; is under suspension from the public school; is on the streets all day, and is under a charge of unlawful assembly now, and has also habitually violated the penal ordinances of Huntsville, Walker County, Texas."

All of the foregoing allegations, with the exception of the last allegation that the child "has also habitually violated the penal ordinances of Huntsville, Walker County, Texas", are clearly insufficient legally, even if proven, to subject the child so charged to the jurisdiction of a juvenile court in Texas under the provisions of Sec. 3, Article 2338–1, V.A.T.S. Hence, appellant and the appellants in the companion cases stand convicted on the basis of the broad allegation that they "Habitually violated the penal ordinances of Huntsville, Walker County, Texas." While it is true that Section 3(d) of the Article 2338–1 defines a "delinquent child" as one who " * * * habitually violates any penal ordinance of a political subdivision of this State * * *" we are of the opinion that the petition must allege with particularity the charges against the minor. In the cases at bar it is not alleged *which penal ordinance* of Huntsville has been habitually violated by appellants. Clearly the court would have no jurisdiction to adjudge the appellants juvenile delinquents under such an indefinite global charge. Section 7 of Article 2338–1 requires that the petition filed in juvenile cases include allegations of facts which bring the child involved within the provisions of the Juvenile Act. No legally sufficient allegations are made in the present case or in the companion cases upon which the convictions of the minor appellants can be sustained.

In Reeves v. State, 1942, 144 Tex.Cr.R. 270, 162 S.W.2d 705, the court said: " * * * the charge must particularize the act complained of so that its identity cannot be mistaken." In Dearing v. State,

1947, 151 Tex.Cr.R. 6, 204 S.W.2d 983, the court stated, on motion for rehearing, citing Ex Parte Boggs, 146 Tex.Cr.R. 86, 171 S. W.2d 879, and Reeves v. State, 144 Tex.Cr. R. 270, 162 S.W.2d 705:

"It is the holding of these last two cases that the State's pleading in a juvenile case should set forth the acts complained of that are relied upon to constitute the delinquency, and it follows that acts not so set forth cannot be relied upon to establish such delinquency."

See also Robinson v. State, Tex.Civ.App., 204 S.W.2d 981; Cantu v. State, Tex.Civ. App.1948, 207 S.W.2d 901; Dendy v. Wilson, 1944, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217.

In the instant case, in addition to the foregoing ground for reversal, common to all nine appeals, it should be noted that the typed information on the printed form petition is ambiguously spaced so that it is not clear whether the recitation is that appellant's parents are her " * * * legal guardian * * *" or " * * * the person or persons having [her] custody and control. * * *" Also in this case the notice begins: "In The Matter of Alma Jean Johnson, a Delinquent Child," whereas the petition in such case is styled, "In The Matter of Ora Lee Johnson, a Delinquent Child." The notice also states that "Floyd Farris, a competent and credible person, heretofore, on the 26th day of October, 1965, filed a petition in this Court alleging that Alma Jean Johnson is a delinquent child, a female * * *, being 16 years of age according to the best knowledge and belief of the petitioner." We find nothing in the transcript indicating that there was any such person as Alma Jean Johnson, other than the foregoing recitations, and yet upon such notice the court decreed that "Ora Lee Johnson be committed to the care, custody and control of the Texas Youth Council * * *."

There are other irregularities in the proceeding and points of error asserted by ap-

pellant which we need not discuss in view of our holding.

It is ordered that appellant and the sureties on her bond be discharged therefrom and that the proceeding against her be dismissed.