COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-08-00109-CV |
| | § | Appeal from the |
| IN THE MATTER OF F.J.S., | § | 65th Judicial District Court |
| A JUVENILE | § | of El Paso County, Texas |
| | § | (TC# 05-01099) |
| | § | |

**O P I N I O N**

F.J.S., a juvenile, appeals from an order adjudicating his delinquent conduct by committing aggravated sexual assault of a child. A jury determined Appellant had engaged in the charged delinquent conduct, and the trial court entered an order of adjudication in accordance with the jury's finding. Finding the evidence was legally sufficient to support the adjudication order, we affirm.

Appellant and A.G. met when their parents became friends in 2003. A.G. was ten years old, and Appellant was thirteen. A.G. and her siblings were visiting Appellant's family one afternoon, when Appellant sat down next to A.G. while the rest of the household was having lunch in another room. Appellant fondled her breasts and buttocks, and inserted his fingers into her vagina. A.G. did not report the abuse because Appellant threatened he would hit her, or hurt a member of her family.

A week later, Appellant was visiting A.G.'s family at their apartment. A.G. was watching cartoons in her mother's bedroom when Appellant came into the room, pushed A.G. up against a

wall and inserted his penis in her vagina. The rest of the family was downstairs when the attack occurred. Again, A.G. did not report the attack because Appellant threatened to hit her or hurt a member of her family if she reported the incident. According to A.G., Appellant sexually assaulted her up to twenty times over the course of a year. Sometimes he would force her to have intercourse, sometimes he forced her to perform oral sex on him. He continued to threaten her with violence if she told anyone about the abuse.

A.G. made an outcry in May 2005. A.G. had spent the night at her aunt's house while her mother and stepfather were attending a party. In the morning, A.G.'s mother called to check on the girl and A.G.'s aunt informed her that A.G. had touched her four-year-old cousin's vagina while the girls were in the shower together. When A.G.'s mother confronted A.G. about what happened that morning, A.G. was frightened and crying. Eventually A.G. described what Appellant had done to her. A.G.'s mother contacted the police and reported what her daughter told her. After the police interviewed A.G., Appellant was taken into custody and referred to the Juvenile Probation Department.

The State filed the original petition based on delinquent conduct on August 22, 2005. The petition alleged that on or about June 29, 2004, Appellant had engaged in delinquent conduct by committing aggravated sexual assault against a child, A.G. The case was tried to a jury, who determined Appellant had engaged in the alleged delinquent conduct. The trial court entered an order adjudicating Appellant delinquent on January 9, 2008. Appellant was sentenced to probation until his eighteenth birthday, and was ordered to complete the Challenge Boot Camp Program, and participate in any counseling deemed necessary due to his status as a sex offender.

In a single issue, Appellant challenges the legal sufficiency of the evidence supporting the

trial court's determination that he engaged in delinquent conduct by committing aggravated sexual assault of a child. He contends the alleged victim's credibility was in question given the lack of physical evidence of abuse, and the circumstances of her outcry. In the alternative, Appellant argues the delinquency finding must be reversed because the evidence established an affirmative defense pursuant to Texas Penal Code section 22.011(e)(2)(A); which provides, in part, that it is an affirmative defense to a prosecution for sexual assault if the evidence establishes the actor was not more than three years older than the victim at the time of the offense. *See* TEX.PEN.CODE ANN. § 22.011(e)(2)(A)(Vernon Supp. 2009).

Challenges to the legal sufficiency of the evidence supporting the elements of a penal offense which forms the basis of the finding that a juvenile engaged in delinquent conduct, are reviewed under the *Jackson v. Virginia*, standard. 443 U.S. 307, 320, 99 S.Ct. 2781, 2789-90, 61 L.Ed.2d 560 (1979); *In the Matter of A.S.*, 954 S.W.2d 855, 858 (Tex.App.--El Paso 1997, no pet.). Under this standard, we review all of the evidence in the light most favorable to the verdict, to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *A.S.*, 954 S.W.2d at 858.

Appellant was adjudicated delinquent based on the jury's determination that he committed acts which satisfied the definition of aggravated sexual assault of a child, as defined by Section 22.021(a), of the Texas Penal Code. In general terms, a person commits this offense by intentionally or knowingly causing the penetration of the anus or sexual organ of another individual, who is not the actor's spouse, by any means, without the individual's consent, and the actor, and the victim is younger than fourteen. *See* TEX.PEN.CODE ANN. § 22.021(a). The jury in this case determined Appellant engaged in delinquent behavior by engaging in the following acts:

(1) by intentionally or knowingly causing the penetration of the victim's female sexual organ with his finger; (2) by intentionally or knowingly causing the penetration of the victim's female sexual organ with his sexual organ; and (3) by intentionally or knowingly causing the penetration of the victim's anus with his sexual organ.

In the first part of Issue One, Appellant calls the alleged victim's credibility into question based on the lack of witnesses to the alleged abuse, the frequency of the attacks, the lack of physical evidence of abuse, and the circumstances of the victim's outcry. Appellant does not challenge the admissibility of the testimony, nor does he contend there is a lack of evidence of any one of the essential elements of the charged offense. Appellant simply concludes that the victim's testimony was insufficient to support the jury's verdict, and therefore does not support the court's delinquency finding.

To sustain Appellant's argument, this Court would be forced to disregard the parameters of the legal sufficiency review. The role of the appellate court in a legal sufficiency review is limited to determining whether the findings, both implicit and explicit, of the trier of fact are rational. *See Adelman v. State*, 828 S.W.2d 418, 421-22 (Tex.Crim.App. 1992). We do so by viewing all the evidence admitted at trial, and by resolving any inconsistencies, in the light most favorable to the verdict. *See id*. It is for the trier of fact, not the appellate court, to determine witness credibility; and in doing so the fact finder may accept or reject all or any part of any witness's testimony. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

In short, we cannot simply disregard the victim's testimony in this case based on Appellant's conclusion that her testimony was not credible. We are bound by the standard of review which governs the issue Appellant has presented to us, and therefore we must view all the

evidence admitted at trial in the light most favorable to the verdict. *See A.S.*, 954 S.W.2d at 858; TEX.R.APP.P. 38.1(f), (i). Given the uncontested fact that the victim did testify regarding the alleged abuse in this case, viewing the evidence the light most favorable to the verdict, the evidence was legally sufficient to support the delinquency finding.

In the alternative, Appellant contends the delinquency finding must be reverse because the record supports his affirmative defense; that is, he was not more than three years older than the victim at the time of the alleged abuse. Appellant refers to Texas Penal Code section 22.011(e) in his argument, which states in relevant part that:

(e)     it is an affirmative defense to prosecution under Subsection (a)(2):

.          .          .

(2)     that:
        (A)     the actor was not more than three years older than the victim and at the time of the offense:

               (i)     was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or

               (ii)     was not a person who under Chapter 62, Code of Criminal Procedure, had a reportable conviction or adjudication for an offense under this section; and

        (B)     the victim:

               (i)     was a child of 14 years of age or older; and

               (ii)     was not a person whom the actor was prohibited from marrying or purporting to marry or with whom the action was prohibited from living under the appearance of being married under Section 25.01.

TEX.PEN.CODE ANN. § 22.011(e)(Vernon Supp. 2009).

In addition to several other requirements not addressed in Appellant's brief, this

affirmative defense specifies that it is applicable to prosecution for a Sexual Assault offense prosecuted under Section 22.011. *See id.* Appellant was prosecuted for Aggravated Sexual Assault under Section 22.021. Section 22.021 does not include such a defense, nor does it reference the defense provided in Section 22.011.[1] *See* TEX.PEN.CODE ANN. § 22.021. Accordingly, Appellant's second argument is overruled, and we overrule the entirety of Issue One.

Having overruled Appellant's sole issue, we affirm the trial court's order of adjudication.

May 26, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[1] We also note that the jury charge, without objection, did not include an instruction regarding an affirmative defense to the charged offenses.