**Reversed and Rendered and Opinion and Concurring Opinion filed December 19, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00807-CV

---

### IN THE MATTER OF T.V.T., Appellant

---

### On Appeal from the 314th District Court
### Harris County, Texas
### Trial Court Cause No. 2017-04208J

---

### OPINION

Appellant, 13 years old at the time of the offense, was charged with aggravated sexual assault of a child under the age of 14. After the trial court denied appellant's pretrial application for writ of habeas corpus, motion for summary judgment, motion to quash the petition, and motion to dismiss the petition, appellant entered a stipulation of true to the allegation and was found to have engaged in delinquent conduct. Appellant filed this appeal challenging the order of adjudication. In his first two issues on appeal appellant argues the trial court erred in failing to dismiss or quash the petition because a child under the age of 14 cannot be

prosecuted for aggravated sexual assault of a child under section 22.021 of the Texas Penal Code. Appellant further argues that section 22.021 is unconstitutional on its face and as applied to him. Concluding that the trial court abused its discretion in denying appellant's motion to quash the petition, we reverse the order of adjudication and render judgment dismissing the case with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The State filed a petition in which it alleged that appellant, on or about March 1, 2017, intentionally and knowingly caused the penetration of the mouth of the complainant, a person younger than 14 years of age, with appellant's sexual organ. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii), (2)(B). Appellant was born February 15, 2004; at the time of the offense appellant was 13 years old; the complainant was 12 years old.[1]

Appellant filed a pretrial application for writ of habeas corpus in which he alleged that section 22.021 of the Texas Penal Code was unconstitutional. Appellant argued in his application that section 22.021 was unconstitutional on its face because there was no set of circumstances under which the statute could be valid for a child younger than 14 years of age. Appellant amended his application for writ of habeas corpus alleging that section 22.021 of the Texas Penal Code was unconstitutional as applied to him.

Appellant also filed a motion to quash the petition and a motion to dismiss the petition in which he requested the trial court to quash or dismiss the petition because

---

[1] The victim was 12 years of age, and none of the following was alleged as an element of the underlying criminal offense of aggravated sexual assault: (1) lack of consent (Tex. Penal Code Ann. § 22.021(a)(1)(A)) or (2) serious bodily injury or attempts to cause death; threats; use or exhibition of a deadly weapon; acting in concert with another person who is engaged in that conduct; or administration of a substance that impairs the victim (Tex. Penal Code Ann. § 22.021(a)(2)(A)).

the petition failed to state a claim on which appellant could be found guilty or prosecuted.

The trial court held a non-evidentiary hearing on appellant's motions and his application for writ of habeas corpus. At the beginning of the hearing the State stipulated that both appellant and the complainant were younger than 14 years of age at the time of the offense. Appellant argued at the hearing that he did not have the legal capacity to knowingly or intentionally commit the offense. The trial court denied appellant's motions to quash or dismiss the petition and denied his application for writ of habeas corpus. Following the trial court's denial appellant entered a stipulation and a plea of true to the petition. The trial court adjudicated appellant delinquent and assessed punishment pursuant to an agreement with the State. Appellant was placed on probation until he turned eighteen and required to attend sex offender treatment to avoid lifetime registration as a sex offender.

In four issues appellant challenges the trial court's denial of his motion to quash, motion to dismiss, and application for writ of habeas corpus.

ANALYSIS

**Standard of Review**

Juvenile proceedings are generally governed by the Texas Rules of Civil Procedure. *See* Tex. Fam. Code Ann. § 51.17(a). As such, a complaint about a pleading defect in a juvenile proceeding should be raised by special exceptions, not by a motion to quash. *In re M.T.*, No. 13-05-00434-CV, 2007 2007 WL 2265072, at *2 n.1 (Tex. App.—Corpus Christi Aug. 9, 2007, no pet.) (mem. op.); *see* Tex. R. Civ. P. 90, 91. Courts, however, construe pleadings liberally and treat improperly filed "motions to quash" as special exceptions. *See Mena v. State*, 633 S.W.2d 564, 565 (Tex. App.—Houston [14th Dist.] 1982, no pet.).

We review a trial court's interpretation of the law de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *In re K.D.H.*, 426 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A trial court has no discretion in determining what the law is or in properly applying the law. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006). A trial court abuses its discretion if it fails to properly interpret the law or applies the law incorrectly. *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In reviewing whether the trial court abused its discretion in denying appellant's motion to quash we review the trial court's application of the law de novo. *Id.*; *Shumake*, 199 S.W.3d at 284.

**Motion to Quash**

Appellant in his motion to quash and motion to dismiss alleged that the petition failed to state a claim on which he could be found guilty or prosecuted. Appellant's motion was premised on the Legislature's determination that children under 14 cannot consent to sex. *See In re B.W.*, 313 S.W.3d 818, 824 (Tex. 2010); Tex. Penal Code Ann. § 22.021(a)(2)(B).

The statute proscribing sexual assault is found in the Texas Penal Code, which does not generally apply to people younger than the age of 17. *See* Tex. Penal Code Ann. § 8.07. Instead, the Legislature enacted the Juvenile Justice Code (Family Code title 3), which with several exceptions, made violations of a penal law of this state or of the United States by a person who is ten years of age or older and under 17 years of age either (1) delinquent conduct or (2) conduct indicating a need for supervision. Tex. Fam. Code Ann. §§ 51.02(2), 51.03. The juvenile court has jurisdiction over such adjudications. Tex. Fam. Code Ann. § 51.03; *In re B.W.*, 313 S.W.3d at 819–20. One of the purposes of placing such jurisdiction in civil courts under the Family Code is to "provide for the care, the protection, and the wholesome

4

moral, mental, and physical development of children coming within its provisions." Tex. Fam. Code Ann. § 51.01(3).

The offenses of sexual assault and aggravated sexual assault are felonies, punishable by imprisonment, *see* Tex. Penal Code Ann. §§ 12.33; 22.011(f); 22.021(e), and therefore fall under the Family Code's definition of "delinquent conduct." As applicable here, a person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the mouth of a child by the sexual organ of the actor. Tex. Penal Code Ann. § 22.011(a)(2)(B).[2] A "child" is a person younger than 17 years of age. *Id.* § 22.011(c)(1). A person commits the offense of aggravated sexual assault if the victim is a child younger than 14 years of age. Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii), (2)(B), (b)(1).

It is generally an element of the offense of sexual assault that the other person did not consent. *See* Tex. Penal Code Ann. § 22.011(a)(1). By contrast, if the victim is younger than 14 years of age, consent is not a defense available to the accused. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B); *In re F.J.S.*, 324 S.W.3d 207, 210 (Tex. App.—El Paso 2010, no pet.).

"The notion that an underage child cannot legally consent to sex is of longstanding origin and derives from the common law." *In re B.W.*, 313 S.W.3d at 820. In Texas, "a child under fourteen cannot legally consent to sex." *May v. State*, 919 S.W.2d 422, 424 (Tex. Crim. App. 1996). Sexual assault of a child younger than 14 years of age is considered aggravated sexual assault and is subject to the same consequences as the sexual assault of an adult involving serious bodily injury or other aggravating circumstances. *See* Tex. Penal Code Ann. § 22.021(a)(2)(A). In

---

[2] Since appellant was adjudicated delinquent, sections 22.011 and 22.021 were amended to state that an actor commits an offense "regardless of whether the person knows the age of the child at the time of the offense." *See* Tex. Penal Code Ann. §§ 22.011, 22.021. References to the code sections in this opinion reference the code sections in effect at the time of the alleged offense.

passing these statutes, the Legislature has expressed both the extreme importance of protecting children from sexual exploitation, and the awareness that children are more vulnerable to exploitation by others even in the absence of explicit threats. *In re B.W.*, 313 S.W.3d at 821.

Holding that a 13-year-old child could not be prosecuted as a prostitute under section 43.02 of the Penal Code, the Texas Supreme Court stated, "[g]iven the longstanding rule that children under fourteen lack the capacity to understand the significance of agreeing to sex, it is difficult to see how a child's agreement could reach the 'knowingly' standard the statute requires." *In re B.W.*, 313 S.W.3d at 822. The court further held that "legal capacity to consent" is necessary to find that a person "knowingly agreed" to engage in sexual conduct for a fee. *Id.* at 824. The supreme court determined that with the Legislature determining that children under 14 cannot consent to sex, the rationale then follows that the State may not adjudicate such a young offender for an offense that includes consent to sex as one of its essential elements. *Id.* at 824. Although *In re B.W.* involved the offense of prostitution rather than aggravated sexual assault, the holding in that case is implicated in this case because section 22.021 is central to the supreme court's holding that the Legislature did not intend to prosecute children under 14 years of age for offenses that include legal capacity to consent to sex. *See In re R.R.S.*, 535 S.W.3d 67, 78 (Tex. App.—El Paso 2017, pet. granted).

Aggravated sexual assault is a conduct-oriented, or nature-of-conduct offense. *Gonzales v. State*, 304 S.W.3d 838, 848–49 (Tex. Crim. App. 2010). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a). A person acts knowingly, or with knowledge, with respect to the nature of his conduct when he is aware of the

nature of his conduct. *Id.* § 6.03(b). An intentional or knowing act is an element of the offense of aggravated sexual assault. *Id.* § 22.021. A defendant's intent cannot be inferred from the mere act of sexual conduct with the complainant. *Rubio v. State*, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980). The supreme court held that a person younger than 14 years of age does not have the legal capacity to reach the "knowingly" standard the statute requires. *In re B.W.*, 313 S.W.3d at 822. Children below a certain age lack the mental capacity to consent to certain actions and the law reflects that inability to consent. Because a 13-year-old child cannot knowingly engaged in a sexual act as a matter of law, we conclude appellant cannot be prosecuted for aggravated sexual assault under section 22.021 of the Penal Code.

The State argues that appellant's reliance on *In re B.W.* is misplaced. In making this argument the State notes that *In re B.W.* addressed a prosecution for prostitution while this case involves a prosecution for aggravated sexual assault. The State argues that the decision in *In re B.W.* was expressly limited to the offense of prostitution. We find no such limitation in the supreme court's opinion. The court repeatedly recognized that "children of a certain age lack the mental capacity to understand the nature and consequences of sex, or to express meaningful consent in these matters." 313 S.W.3d at 826. Section 22.021 of the Penal Code was central to the supreme court's holding in *In re B.W.*.

The State also challenges appellant's reliance on *In re R.R.S.*, arguing it was wrongly decided. R.R.S., like the appellant in this case, was 13 years old when he was charged with the aggravated sexual assault of his siblings. 536 S.W.3d at 70. R.R.S. entered a plea of true to the State's allegations. *Id.* A month after his plea R.R.S. filed a motion for new trial seeking to withdraw his plea stating there were "mitigating factors that were not presented at the adjudication hearing." *Id.* at 71. The trial court denied the motion and R.R.S. appealed. *Id.*

On appeal R.R.S. asserted that the record failed to show his plea was knowing, intelligent, and voluntary. *Id.* In addressing R.R.S.'s challenge to the culpable mental state the El Paso Court of Appeals noted that R.R.S. challenged the sufficiency of the evidence to support the "knowing" element of the aggravated sexual assault charge. *Id.* at 76–77. The court held that, given the age of the accused and the charged offense, R.R.S. met his burden to show legally insufficient evidence to support a knowing and voluntary plea of true to delinquent conduct as alleged by the State. *Id.* at 80. The court of appeals remanded the case to the trial court to enable the parties to address, and the trial court to determine, whether the holding of *In re B.W.* extends to the offense of aggravated sexual assault. *Id.*

In today's case, unlike our sister court, we are not constrained by the record before us. Here, the question of whether the holding in *In re B.W.* applies to aggravated sexual assault was directly addressed in the trial court and is squarely before this court. The supreme court determined that a child under the age of 14 does not have the legal or mental capacity to "knowingly" consent to sex, a mental capacity required by section 43.02 proscribing prostitution. *In re B.W.*, 313 S.W.3d at 822. Section 22.021 of the Texas Penal Code proscribing aggravated sexual assault requires as an element of the offense the same "knowing" standard. *See* Tex. Penal Code Ann. § 22.021. Therefore, the supreme court's holding that a child under 14 lacks the legal capacity to consent to sex necessarily leads to our conclusion that a child under 14 lacks the legal capacity to knowingly engage in sexual assault. We are bound by the supreme court's decision in *In re B.W.*. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666 (Tex. 2008) (recognizing as fundamental that supreme court decisions are binding on lower courts).

The State also cites a First Court of Appeals decision in an attempt to

8

distinguish *In re B.W.* from this case. *See In re H.L.A.*, No. 01-12-00912-CV, 2014 WL 1101584, at *6 (Tex. App.—Houston [1st Dist.] Mar. 20, 2014, no pet.) (mem. op.). In *H.L.A.*, the petition alleged sexual assault and unlawful restraint. *Id.* at *1. The State dismissed the sexual assault charge. *Id.* H.L.A. was adjudged delinquent for "intentionally or knowingly restrain[ing] another person," which required him to register as a sex offender. *See* Tex. Penal Code Ann. § 20.02(a); Tex. Code Crim. Proc. Ann. art. 62.001(5)(E)(ii). Citing *In re B.W.*, H.L.A. argued that because he was a minor, he lacked the mental capacity to appreciate that his conduct would require him to register as a sex offender. *In re H.L.A.*, 2014 WL 1101584 at *5. The court of appeals noted that the supreme court's holding in *In re B.W.* did not apply because, in *H.L.A.*, the State dismissed the sexual assault allegation and was only required to prove the elements of unlawful restraint, which did not implicate legal capacity to consent to sex. *Id.* at *6. Since the State dismissed the sexual assault charge in *H.L.A.*, the holding in *In re H.L.A.* is not implicated in this case.

Similarly unavailing are the State's arguments that the Legislature, while intending for section 22.021 to apply to an actor under 14 years of age, chose to accommodate younger offenders by providing they cannot be tried as adults and cannot receive determinate sentences. *See* Tex. Fam. Code Ann. §§ 53.045(e); 54.02(j)(2)(B). The fact that a 13-year old cannot be tried as an adult and sentenced as an adult does not remove the State's burden to show that a person "knowingly" committed the charged offense.

The Legislature has passed laws recognizing the vulnerability of children to sexual exploitation, including an absolute prohibition of legal consent for children under 14. In the absence of a clear indication that the Legislature intended to subject children under 14 years of age to prosecution for aggravated sexual assault when they lack the capacity to consent to sex as a matter of law, we hold that a child under

14 years of age may not be charged with that offense. *See In re B.W.*, 313 S.W.3d at 826. Because appellant lacks the legal capacity to knowingly engage in the conduct alleged in the petition, the petition fails to state a claim on which the trial court can make a finding that appellant engaged in delinquent conduct. *See Johnson v. State*, 401 S.W.2d 298, 300 (Tex. Civ. App.—Houston 1966, no writ) (petition, even if proved, was insufficient to subject child so charged to the jurisdiction of a juvenile court). The trial court therefore abused its discretion in denying appellant's motion to quash the petition. We sustain appellant's issue challenging the trial court's ruling.

Because we have sustained appellant's first issue, we need not address appellant's constitutional challenges. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on non-constitutional grounds.").

## CONCLUSION

We reverse the order of adjudication and render judgment dismissing the case with prejudice. *See* Tex. Fam. Code Ann. § 54.03(g); Tex. R. App. P. 43.2(c).


/s/     Jerry Zimmerer
         Justice


Panel consists of Justices Zimmerer, Spain, and Hassan (Spain, J., joining opinion and concurring).