

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00164-CR

———————————————

GIRGIS GORGY SALIB ISTFANOUS, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 7
Tarrant County, Texas
Trial Court No. 1756264

Before Sudderth, C.J.; Wallach, J.; and Lee Gabriel (Senior Justice, Retired, Sitting by
Assignment)
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

A jury convicted Girgis Gorgy Salib Istfanous of indecent assault, a Class A misdemeanor. *See* Tex. Penal Code Ann. § 22.012(a), (b). The trial court sentenced him to 45 days' confinement in the Tarrant County Jail and ordered that he pay a $200 fine. *See id.* § 12.42(d). In his first issue, Istfanous argues that the trial court erred by denying his motion to dismiss the information based on his claim that the charging instrument failed to provide sufficient notice of the offense alleged. In his second issue, he contends that there is insufficient evidence to support the conviction for indecent assault. We find no merit as to either issue and affirm the judgment.

## I. BACKGROUND

In November of 2022, Istfanous and the complainant, Tiraha Gentry, worked in Terminal D of the DFW airport. Gentry was the manager of a Starbucks, while Istfanous worked as a sanitation worker. One of his responsibilities was to collect trash from the restaurants in the terminal. Since he performed his work duties in her store, Gentry knew Istfanous and would sometimes give him and his co-worker free coffee. She explained that airport personnel often came into the coffee shop to chat and buy coffee.

Gentry testified that when they had the chance, the Starbucks's employees would move their trash outside the store so that the sanitation workers did not have to come behind the counter to collect it. She described November 14, 2022, as a very busy day in the Starbucks she managed and testified that she was short-staffed as well.

As a result, they did not have the opportunity to move the trash outside the store from behind the counter. Gentry explained that when Istfanous came into the store that day, she was behind the counter training an employee. She related that when Istfanous came behind the counter to pick up the trash, he grabbed her breast with an open hand and without her consent. She demonstrated for the jury how it occurred. She further stated that when Istfanous grabbed her breast, "He looked me in my face and smiled." Gentry told the jury that she interpreted the look to mean that "[h]e meant to do that." Gentry explained that her trainee saw this incident and asked, "[Did] he just do that?"

Gentry testified that, after this encounter, Istfanous returned to the store for more trash while she was sitting in the corner. He then came to where she was sitting and "gripped [her] face" with his hands to move it from side to side and closer to him. She stated that she believed he was trying to kiss her and she "jerked back." She explained that because Istfanous was wearing gloves that had trash on them when he grabbed her face, she needed to wash her face after this encounter. Gentry testified to her opinion that these two acts were "sexual" in nature.[1] Gentry explained that Istfanous had passed behind her counter many times before and had not grabbed her

---

[1]At a later point in her testimony, Gentry was specifically asked if Istfanous "grabbed [her] breast in order to satisfy some sort of sexual desire of his." Gentry responded, "I don't know." When asked why people normally do that, she responded, "[I]t's sexual."

3

breast or face. She further explained that "this time fe[lt] different to" her and it scared and annoyed her.

After these events, Gentry phoned Istfanous's employer to report the assaults by their employee. She testified that they would not listen to her and hung up on her. After that, Gentry called the police to make a report. She stated that the report was investigated.

Gentry did recount for the jury that there was an earlier occasion when Istfanous touched her inappropriately while he was walking behind the counter. She stated that while she was standing on a ladder and dusting, Istfanous passed by her and touched her "butt."[2] She also testified that at the time it occurred and at the time of trial, she believed the touching of her buttocks "was an accident." Gentry agreed that both instances of touching occurred over her clothes.

Gentry's trainee on November 14, 2022, Lourae Crichton, also testified at trial. She told the jury that she was "[v]ery close" in proximity to Gentry when she observed a man who "actually took his open hand and brought it up across [Gentry's] breast." Crichton acknowledged that she did not particularly like Gentry but that she

---

[2]Gentry gave conflicting testimony concerning whether the touching while she was on the ladder and the touching of her breast occurred on the same day or a different day. She explained that she got the timeline from two years before the trial "mixed up." She confirmed for the jury that her initial report that they occurred on different days was correct.

4

was there to testify "for [Gentry] to seek justice because of the circumstances. I don't think that was right, what occurred."

Istfanous was charged by information with the offense of indecent assault. The information alleges that:

> Girgis Gorgy Salib Istfanous, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 14th day of November 2022, did intentionally or knowingly, without the consent of Tiraha Gentry, and with intent to arouse or gratify the sexual desire of any person, touch the anus, breast, or any part of the genitals of another person[.]

Counsel for Istfanous filed a motion to dismiss the information. The motion argued a single theory by contending that the misdemeanor information failed to provide sufficient notice of the offense charged because it failed to allege that proof of skin-to-skin contact was an element of the offense. Istfanous argued that the charging instrument failed to provide him with sufficient notice to determine the alleged illegal conduct he was being charged with. Following a hearing, the trial court denied the motion.

After hearing the evidence, a jury found Istfanous guilty of indecent assault. The trial judge sentenced him to 45 days in the county jail and a $200 fine. Istfanous appealed.

## II. STANDARD OF REVIEW

The question of whether a charging instrument provides notice of an offense is a question of law. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019) (citing

5

*State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1986)). A criminal defendant has a right to notice under the United States and Texas Constitutions. U.S. Const. amend VI; Tex. Const. art. I, § 10.

The Texas Code of Criminal Procedure also provides a defendant statutory rights to notice:

> Articles 21.03, 21.04, and 21.11 of the Texas Code of Criminal Procedure contain requirements that (1) "[e]verything should be stated in an indictment which is necessary to be proved," Tex. Code Crim Proc. art. 21.03; (2) "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense," *id.* art. 21.04; and (3) "[a]n indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment," *id.* art. 21.11.

*State v. Oakley*, 706 S.W.3d 492, 497 (Tex. App.—Austin 2025, no pet.) (footnote omitted) (first quoting *Flores v. State*, 536 S.W.3d 560, 568 (Tex. App.—San Antonio 2017, pet. ref'd); then citing *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017) (noting that Chapter 21 "provides legislative guidance concerning the requirements and adequacy of notice"); and then citing Tex. Code Crim. Proc. Ann. art. 21.23 ("The rules with respect to allegations in an indictment and the certainty required apply also to an information.")).

To satisfy the notice requirement, an information must allege facts sufficient to give the accused notice of the particular offense with which he is charged. *State v.*

6

*Laird*, 208 S.W.3d 667, 670–71 (Tex. App.—Fort Worth 2006, no pet.). We review a trial court's ruling on a motion to quash an information de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Laird,* 208 S.W.3d at 669.

### III. MOTION TO DISMISS THE INFORMATION

Istfanous filed a motion to dismiss the charging instrument filed against him for the misdemeanor offense of indecent assault. The indecent assault statute provides:

> (a) A person commits an offense if, without the other person's consent and with the intent to arouse or gratify the sexual desire of any person, the person:
>
> (1) touches the anus, breast, or any part of the genitals of another person[.]

Tex. Penal Code Ann. § 22.012(a)(1).

The motion was based on the argument that the indecent assault statute "mirrors the [i]ndecency with a [c]hild[ statute] minus two elements[:] . . . the 'of a child' element and 'including touching through the clothing' [language] were removed."

The sole ground alleged in the motion argues that the charging instrument "fails to provide [Istfanous] with sufficient notice to determine the alleged illegal conduct against him." While the statute is silent on whether the touching must be under the clothing or could be either over or under the clothing, Istfanous argues that the legislative intent of the statute is clear that skin-to-skin contact must be made.

7

Istfanous contends that while the State "copied the exact statutory language" of Texas Penal Code Section 22.012(b)(1), the information "failed to allege the skin-to-skin contact required under the charged offense."

The indecency with a child statute provides:

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

    (1) engages in sexual contact with the child or causes the child to engage in sexual contact[.]

. . . .

(c) In this section, 'sexual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

    (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child[.]

*Id.* § 21.11(a)(1), (c)(1).

In his motion, Istfanous argued that the "noticeable absence of 'including through the clothing' in the [i]ndecent [a]ssault statute makes the legislative intent clear" that skin-to-skin contact was required and therefore should have been contained in the information. Without authority, Istfanous relies on an argument that "one <u>must assume</u> the legislature intended to omit the additional language." [Emphasis added.] But we do not make rulings on unsupported assumptions.

8

In the hearing on the motion, the State argued that the legislative intent of the indecent assault statute was explained by the author of the bill. The intent was to create an offense higher than Class C misdemeanor assault, which is based only on a threat of imminent bodily injury or physical contact that is offensive or provocative. *See id.* § 22.01 (a)(2), (3). The State argued that the author of the bill to create the offense of indecent assault intended to make forced sexual touching punishable as a Class A misdemeanor and not a felony.

The plain language of the relevant statute does not contain the additional element Istfanous proposes. The Court of Criminal Appeals faced this basic question prior to 2001, when the legislature added the language in question to the indecency with a child statute. *See Resnick v. State*, 574 S.W.2d 558 (Tex. Crim. App. 1978) (construing language of public-lewdness offense in Penal Code Section 21.07); *see* also Act of May 23, 2001, 77th Leg., R.S., ch. 739, § 2, 2001 Tex. Gen. Laws 1463 (adding the "including touching through clothing" language to Penal Code Section 21.11(c)(1)). "Sexual contact" was defined at that time as "any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with the intent to arouse or gratify the sexual desire of any person." Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 21.01, 1973 Tex. Gen. Laws 883, 915 (current version at Tex. Penal Code Ann. § 21.02(2)).

In *Resnick,* the facts revolved around an undercover operation in an adult movie house where the defendant "placed his hand on that portion of the officer's trousers

9

which covered his genitals." 574 S.W.2d at 559. Although the defendant in *Resnick* was charged with public lewdness, one of the elements was that the accused had engaged in an act of "sexual contact." *Id.*; Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 21.01, 1973 Tex. Gen. Laws 883, 915 (current version at Tex. Penal Code Ann. § 21.02(2)). On appeal, the appellant argued that the evidence did not show a "touching" under the definition of sexual contact. *Id.* The Court of Criminal Appeals disagreed and held,

> This definition makes it quite plain that the essence of the act of touching is to perceive by the sense of feeling. It is a matter of the commonest knowledge that the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed.

*Id.* at 560. Applying this common-sense standard contradicts the argument that Istfanous did not receive sufficient notice of the charge against him. *Cf. Guia v. State*, 723 S.W.2d 763 (Tex. App.—Dallas 1986 pet. ref'd) (relying on *Resnick* and Section 21.07 and holding that "[i]f the mere imposition of a layer of fabric does not prevent occurrence of sexual contact for the offense of public lewdness, it should not prevent the occurrence of sexual contact for the offense of indecency with child").

In *Edwards v. State*, the Dallas court of appeals rejected the appellant's argument that the evidence was legally insufficient to support the conviction for indecent assault based on the argument that the indecent assault statute does not apply when the evidence shows the accused touched the complainant's genitals over the clothing. No. 05-23-00169-CR, 2024 WL 4879683, at *2 (Tex. App.—Dallas Nov. 25, 2024, no

10

pet.) (mem. op., not designated for publication). Like the court in that case, "[w]e reject the argument that a 'touch' must be flesh-to-flesh and conclude that in the context of indecent assault, a 'touch' may occur through clothing." *Id.* at *4. Thus, the missing element claimed by Istfanous is not missing.

The language of a charging instrument is sufficient if it tracks the penal statute in question unless the statutory language is not completely descriptive of the offense. *Mays*, 967 S.W.2d at 406. We conclude that the information's allegation that Istfanous did intentionally or knowingly, without the consent of Tiraha Gentry, and with the intent to arouse or gratify the sexual desire of any person, touch her anus, breast, or any part of her genitals provided sufficient information in plain and intelligible language to make him aware that he was accused of touching her breast and to enable him him to prepare a defense. *See Oakley*, 706 S.W.3d at 499.

Under this same issue, Istfanous argues that "[t]he State elicited testimony of potentially two separate offenses against [him] – a touching of the breast and a touching of the anus." Istfanous did not include this argument in the motion to dismiss the information that he filed. Even during the hearing on the motion to dismiss, he never argued that the charging instrument failed to give fair notice of the specific offense charged based on this reasoning. After trial counsel made his argument concerning his position that the indecent assault statute required proof of skin-to-skin contact, the trial judge asked him if "there [was] anything else [he'd] like

11

to add to the record for appellate purposes." Trial counsel replied, "No, Your Honor."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

Because Istfanous failed to meet any of the preservation of error requirements as to his second complaint under his first issue, we hold that he has forfeited that complaint. We overrule Istfanous's first issue.

## IV. SUFFICIENCY OF THE EVIDENCE

In his second issue, Istfanous argues that the evidence was insufficient to support his conviction because (1) the complainant's testimony was inconsistent and partially contradicted by Crichton's testimony; (2) the testimony of Melissa Webb, another airport worker, about an extraneous act was uncorroborated and did not involve a sex offense; and (3) "there was virtually no evidence at all that [Istfanous] intended to arouse or gratify a sexual desire."

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found

12

the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

To determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt, we compare the crime's elements as defined by a

13

hypothetically correct jury charge to the evidence adduced at trial. *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021); *see also Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) ("The essential elements of an offense are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Hammack*, 622 S.W.3d at 914. The law as authorized by the indictment means the statutory elements of the offense as modified by the charging instrument's allegations. *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021); *see Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014)

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Carter v. State*, 620 S.W.3d 147, 149 (Tex. Crim. App. 2021). We must scrutinize circumstantial evidence of intent as stringently as other types of evidence. *Laster v. State*, 275 S.W.3d 512, 519–20 (Tex. Crim. App. 2009). When the record supports conflicting inferences, a reviewing court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Petetan v. State*, 622 S.W.3d 321, 337 (Tex. Crim. App. 2021).

The first argument is that there were inconsistencies in Gentry's testimony and contradictions between Gentry's testimony and other witness testimony. Istfanous

14

offers several instances where Gentry's testimony was not consistent or differed from Crichton's testimony. For example, at one point Gentry said she could not remember which breast was touched, and at another she said it was her left breast. Crichton testified that Istfanous touched Gentry's right breast. At one point, Gentry testified that Istfanous touched her buttocks while she was on a ladder on the same day that he touched her breast, but at another point she claimed the ladder incident took place weeks before he touched her breast. Crichton testified that the two incidents occurred on the same day.

Istfanous argues that the details of Gentry's testimony are inconsistent and vary from the testimony of Crichton. This argument deviates from the appropriate standard of review. We may not evaluate a witness's credibility as that is the sole province of the fact-finder. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). "Thus, in accordance with this review standard, we look to the cumulative force of the admitted evidence in the deferential light most favorable to the jury's verdict." *Escamilla v. State*, No. 02-13-00317-CR, 2014 WL 4463121, at *3 (Tex. App.—Fort Worth Sept. 11, 2014, no pet.) (mem. op., not designated for publication).

Gentry's testimony at trial showed that Istfanous touched Gentry's breast without her consent. Crichton's testimony corroborated that allegation. Despite a bad working relationship with Gentry, Crichton clearly testified that Istfanous touched Gentry's right breast with an open-handed sweeping movement. The

cumulative force of this evidence shows that the jury's verdict was based on the reasonable inference that Istfanous committed the offense of indecent assault when he touched Gentry's breast. *See, e.g., Torres v. State*, 424 S.W.3d 245, 253–54 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Montgomery v. State*, 415 S.W.3d 580, 582 (Tex. App.—Amarillo 2013, pet. ref'd); *Martinez v. State*, 313 S.W.3d 358, 363 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Istfanous also challenges the sufficiency of the evidence based on Webb's testimony, which he claims was uncorroborated and did not involve a sex offense. The evidence was sufficient without considering Webb's testimony at all, so we find no need to address this argument because it is unnecessary to the disposition of this case. *See May v. State*, 765 S.W.2d 438, 439 (Tex. Crim. App. 1989); *see also* Tex. R. App. P. 47.1.

In his final assertion on his sufficiency of the evidence challenge, Istfanous argues that there is insufficient evidence as to the element that he intended to arouse or gratify a sexual desire when he allegedly touched Gentry's breast. While it is true that Gentry gave somewhat conflicting evidence on what she believed his intent was, it is also true that any conflicting evidence is for the jury to weigh and to determine credibility. Viewing Istfanous's conduct and all the surrounding circumstances, we note that he had passed Gentry behind the counter on a frequent basis and never grabbed her breast prior to November 14, 2022. When he did grab her breast, he looked Gentry in the face and smiled. Later that same day, he returned to her place of

16

employment, gripped her face and pulled it towards his as if to kiss her.  The jury weighed this evidence, observed the witnesses, and determined the credibility and weight to be given to their testimony.  Again, we defer to their resolution which was clearly resolved by their verdict of guilty.

We overrule Istfanous's second issue.

## V.  CONCLUSION

Having overruled both of Istfanous's issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 7, 2025

17